BINDLEY et al. v. HEINER, Internal Revenue Collector.

No. 5520.

District Court, W. D. Pennsylvania.

Jan. 22, 1930.

Smith, Shaw, McClay & Seifert, of Pittsburgh, Pa., for plaintiffs.

Jno. A. McCann, Spec. Atty., of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a suit to recover federal estate taxes alleged to have been illegally exacted by the collector of internal revenue. A jury trial was waived and the case heard by the court. On the pleadings and proof we find the following facts:

John Bindley died December 18, 1921. The plaintiffs are his surviving executors. On December 14, 1922, the executors of this estate filed a federal tax return with the collector, showing tax due to the amount of $180,235.34, which amount was paid. On or about May 3, 1926, the Commissioner of Internal Revenue, after audit and review of this return, notified the executors by registered mail, as required by law, of a deficiency in the estate tax owing by this estate in the amount of $12,692.53. On July 1, 1926, the executors filed a petition with the Board of Tax Appeals for a redetermination of the deficiency. On March 12, 1927, the Board of Tax Appeals made an order of redetermination as to this estate tax and entered a judgment that there was no deficiency in the estate tax. From this decision there was no appeal

to the Circuit Court of Appeals, as authorized by law. On March 31, 1927, the executors filed with the Commissioner of Internal Revenue a claim for refundment of $1,368.37 of their federal estate tax to which they claimed to be entitled by reason of additional administrative expenses incurred and paid between July 1, 1926, and November 15, 1926, both dates inclusive. This claim was denied by the Commissioner on July 6, 1927.

Under these facts, we conclude that as a matter of law the defendant is entitled to judgment in his favor. Let an order for judgment in favor of the defendant be submitted.

### Discussion.

We give judgment in this case in favor of the defendant, for the reason that in our opinion the decision of the Board of Tax Appeals conclusively determined the tax liability of this estate under the provisions of the Revenue Act of 1926. The deficiency found by the Commissioner having been determined subsequent to the effective date of the Revenue Act of 1926, and the appeal to the Board of Tax Appeals having been also filed after the effective date of said act, this case is to be determined by the provisions of the Revenue Act of 1926 with reference to the deficiencies and overpayments. See sections 319(c), 1111, and 284(e), (26 USCA §§ 1120(c), 149, 1065(e).

Section 308(a) of the Act of 1926 (26 USCA § 1101) provides that, if the Commissioner determines that there is a deficiency in respect to payment of tax imposed by the act, he is authorized to send notice of such deficiency to the taxpayer by registered mail. Within sixty days after such notice, the executor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency.

Section 318(a) of the same act (26 USCA § 1118(a), provides that, if the Commissioner, after the enactment of the act (February 28, 1926), determine that any assessment should be made with respect to any estate or gift tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, the Revenue Act of 1924, or any such act as amended, notice of the amount proposed to be assessed shall be given the executor, which notice shall be considered for the purposes of the act a notice under subdivision (a), section 308, of the act (26 USCA § 1101).

The Board of Tax Appeals was originally created by the act of 1924 to decide tax appeals. See section 900 of that act (26 US

CA § 901). It was, however, given no conclusive jurisdiction over these matters, and an aggrieved party could bring court action to recover any illegal tax alleged to have been paid.

The Revenue Act of 1926, however, changed the situation over what it had previously been. By that act, the decisions of the Board of Tax Appeals was made final and conclusive of the tax liability, saving only to the aggrieved party the right of appeal to the Circuit Court of Appeals. See section 1003 of the Revenue Act of 1926 (26 USCA § 1226) except as to the class of cases as provided for in section 318(h) of the same act (26 USCA § 1118(h).

The provisions of the Revenue Act of 1926 which would bar this action from this court are as follows: "§ 1120 (a) If the Commissioner has mailed to the executor a notice of deficiency under section 1101 of this title and if the executor after February 26, 1926, files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no refund in respect of the tax shall be allowed or made and no suit for the recovery for any part of such tax shall be instituted in any court, except. * * * " (None of these exceptions fit the facts of this case.) 26 USCA § 1120(a).

All the facts in the instant case bring it precisely within the limitations of this section. The Commissioner gave notice of deficiency to the executors under subdivision (a), § 308, after the enactment of the 1926 act (26 USCA § 1101), and after the enactment of that act the executors filed a petition with the Board of Tax Appeals within the time prescribed by the subdivision. Therefore the taxpayer could have no refundment with respect to tax and could bring no suit for recovery of any part of the tax in any court, except on the conditions authorized by this section 319. The facts of the case do not bring the plaintiff within any of the exceptions.

The Board of Tax Appeals had authority under the statute to determine whether or not there was any deficiency tax, or whether or not the taxpayer had overpaid his tax, so that all the matters might have been cleared before the Board of Tax Appeals and reviewed by the Circuit Court of Appeals.

The plaintiffs in this case contend that they should not be bound by this provision of the statute, because the administration expenses which they are now seeking to have credited to them in the adjustment of their tax liability were incurred and paid subsequent to the time of the determination of the tax deficiency by the Commissioner of Internal Revenue, and part of the items were incurred after the time of filing the appeal to the Board of Tax Appeals.

We cannot agree with this contention. In the first place, the claim for allowance of additional administration expenses might have been brought to the attention of the Board of Tax Appeals, which did not render its decision until after the date of the expenditure of the items for which the executors are claiming credit. In the second place, Congress has undertaken to establish a tribunal to adjust the questions of tax liability, a body of experts empowered to hear evidence, to make determinations of deficiency of tax, to determine whether there has been an overpayment of tax regardless of whether or not the Commissioner has made any determination of a deficiency. There is a right of the aggrieved party to appeal on the questions of law to the Circuit Court of Appeals of the proper circuit. The executors are barred from any other remedy.

We therefore conclude that this action will not lie, because it is a suit instituted for the recovery of a tax barred by section 319 (a) of the Revenue Act of 1926 (26 USCA § 1120(a).