## JAMES v. UNITED STATES.

### No. J–260.

Court of Claims.
Feb. 17, 1930.

Robert E. Coulson, of New York City (Oscar W. Underwood, Jr., and H. C. Kilpatrick, both of Washington, D. C., on the brief), for plaintiff.

McClure Kelley, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

LITTLETON, Judge.

Defendant has demurred to the petition in this case on the ground that under section 284 (d) of the Revenue Act of 1926 (26 USCA § 1065 (d), this court is without jurisdiction to entertain this suit because, prior to the institution thereof, the Commissioner of Internal Revenue mailed to the plaintiff a notice of a deficiency in respect of the tax for 1919, and the plaintiff instituted a proceeding before the United States Board of Tax Appeals.

From the record it appears that for the calendar year 1919 plaintiff paid a tax of $2,031,853.73, and subsequently, on March 6, 1926, duly filed a claim for refund for $389,627.78, or such greater amount as might be legally refundable. On May 13, 1926, the Commissioner of Internal Revenue rendered a decision on the claim for refund and rejected the claim in full upon the ground that plaintiff's correct tax liability for 1919 was in excess of the amount which he had paid. On the same day, namely, May 13, 1926, the Commissioner notified the plaintiff by registered mail of his determination of a deficiency in respect of the tax of the plaintiff for the calendar year 1919 of $178,202.17.

July 10, 1926, plaintiff instituted a proceeding before the United States Board of Tax Appeals by the filing of a petition therein in which he claimed that he owed no deficiency whatever but, on the contrary, was entitled to a refund, and prayed the Board to find that he had made an overpayment of $389,627.78, or such greater amount as might be legally refundable, as the said Board was authorized to do under section 284 (e) of the Revenue Act of 1926, 44 Stat. 9, c. 27 (26 USCA § 1065 (e). This proceeding was docketed by the Board of Tax Appeals under docket No. 18395, and up to the date of the submission of this case upon the demurrer the proceeding had not been heard or decided by the Board.

May 7, 1928, within two years after the rejection by the Commissioner of plaintiff's claim for refund, he instituted suit in this court asking judgment for $1,118,299.58, income tax alleged to have been erroneously and illegally assessed and collected, together with interest at 6 per cent. from the dates

of payment thereof. Defendant demurred to the petition upon the ground that the court is without jurisdiction to entertain plaintiff's suit.

In support of the plea to the jurisdiction, the defendant contends that (1) this court has no jurisdiction until the plaintiff has paid all the tax claimed by the Commissioner, has filed a claim for refund thereof, and brings suit upon said claim; (2) the plaintiff elected to institute a proceeding before the Board of Tax Appeals upon the Commissioner's deficiency notice, and he has made claim in that proceeding and still has opportunity to make further claim before the Board for any overpayment that he may have made; (3) two forums were available to the plaintiff, and he elected to go into the Board of Tax Appeals, therefore he is committed to his election, and cannot proceed in this court. Until the Board of Tax Appeals renders a decision in the proceeding there pending, it is impossible to determine whether any overpayment has in fact been made, and suit is therefore premature.

The plaintiff, on the other hand, contending that the defendant's plea to the jurisdiction should be overruled, asserts that he has a clear right in this court; that the Board of Tax Appeals under section 284 (e) of the Revenue Act of 1926, now section 507 of the Revenue Act of 1928 (26 USCA § 1065 (e), has no power to award a judgment in favor of any taxpayer against the Commissioner of Internal Revenue or against the United States or any agency thereof, but is solely vested with the power to determine the amount of overpayment made by the taxpayer, if any; that a taxpayer must necessarily proceed, either in this court, or in a District Court of the United States, against a collector, to protect his right to the refund and to secure a judgment in his favor for the amount thereof; that the rights of the taxpayer are in nowise changed from those which existed prior to the enactment of the Revenue Act of 1926, except that the Board of Tax Appeals is given the power by that act to determine the amount of an overpayment, without being given any power whatever to award the taxpayer an enforceable judgment; and that the Board of Tax Appeals is in no sense an equivalent and alternative forum to this court.

There is no inconsistency between section 3226 of the Revised Statutes, as re-enacted by section 1113 (a) of the Revenue Act of 1926 (26 USCA § 156) and the other pro-

visions of the act, especially section 284, relating to proceedings before the Board of Tax Appeals and to the institution of suits. In all cases decided by the Board under the 1924 act, the taxpayer may pursue the remedy provided by section 3226 (26 USCA § 156); in cases instituted under the 1924 act, and heard and decided by the Board after the passage of the 1926 act, the taxpayer may pursue the remedy provided by section 3226 or petition for review of the decision of the Board. Old Colony Trust Co. et al. v. Commissioner of Internal Revenue, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918. In cases where the taxpayer has filed claim for refund, he may institute suit in court as provided in section 3226 of the Revised Statutes, provided he does so before the Commissioner determines and notifies him of a deficiency under section 274(a), 26 USCA § 1048, of the Revenue Act of 1926, Ohio Steel Foundry Co. v. United States (Ct. Cl.) 38 F. (2d) 144, decided this date; and, if any such deficiency notice is given, the taxpayer may pay the deficiency and institute suit in court. There doubtless exist and certainly will arise cases where the taxpayer has overpaid his tax upon the original return, and refund claims in respect thereof will be filed which will either not be acted upon or will be rejected by the Commissioner without any determination then or thereafter of a deficiency. All such cases will fall under section 3226 of the Revised Statutes (26 USCA § 156). But, if the taxpayer files a claim for refund which, after February 26, 1926, is rejected by the Commissioner, and the Commissioner at the same time, or before notice of rejection, or the institution of suit, determines and notifies the taxpayer of a deficiency for such taxable year, the taxpayer has the privilege either to pay the additional tax and proceed under section 3226 (26 USCA § 156) by suit in court or to take the deficiency and all questions relating to his tax liability for such year to the Board of Tax Appeals. In the last-mentioned instance the taxpayer cannot institute suit in court and also institute a proceeding before the Board of Tax Appeals. He must decide which course he will pursue. The conference report upon the Revenue Act of 1926 states, at page 46, with respect to the institution of a proceeding before the Board after the enactment of that act in respect of a deficiency for a prior taxable year, that, "if the taxpayer takes the case to the Board and the Board decides against the Government, the Commissioner must take the case up to the Circuit Court of Appeals and, if necessary, to the Su-

preme Court before he may make any assessment. So, also, the taxpayer, if he avails himself of his right to take the case to the Board, is forever barred from any claim or suit for refund in respect of the year to which the deficiency letter related." If the taxpayer has filed a claim within the time prescribed by law, his rights to a refund are as fully protected before the Board as they would be by a suit in court.

The plaintiff, however, argues that the defendant's demurrer should be overruled, for, if his petition is dismissed, he may entirely lose his right to enforce collection of overpayment. He insists that the Board can only find the fact of overpayment and that the only provision of law under which a taxpayer can enforce collection of an overpayment is that which has been in force in substantially its present form for many years as section 3226, supra, and, since that section provides that the taxpayer shall bring suit within five years after the tax was paid or within two years after the disallowance of the claim for refund, he would lose his right to enforce collection of the overpayment if he should wait until the decision of the Board has become final. Upon this reasoning plaintiff points out that his claim was disallowed by the Commissioner on May 13, 1926, and, unless he filed suit on or before May 12, 1928, he would forfeit his right to enforce payment of the refund. Continuing, plaintiff argues that it would be odd indeed if Congress, by enacting remedial legislation giving the Board power to find an overpayment as well as a deficiency, but without any new provision for enforcement of the refund of such overpayment, took away from the taxpayer, by mere implication, his existing right of enforcement, by imposing on such right a new condition precedent to the bringing of such suit which would, in a case like this, subject the taxpayer to the limitations of section 3226, supra, and so deprive him of the right to enforce the collection of overpayment by filing suit upon the claim.

We think the claimed inability to obtain a refund of an overpayment found by the Board in a decision which has become final under the statute is more apparent than real. Congress did not intend by the provisions of section 284 (26 USCA § 1065) that the taxpayer should be limited to section 3226 (26 USCA § 156) in his right to obtain the return from the government of an overpayment in situations falling under section 284. Congress has made the decision of the Board which has become final binding on every one.

In such cases the Commissioner of Internal Revenue has no discretion or the right to exercise any judgment concerning the propriety of overpayments where no credits are involved. He must pay according to the decision of the Board. If he does not, the statute, as we pointed out in Ohio Steel Foundry Co. v. United States (No. F–143), is sufficiently broad to authorize suit to enforce payment.

For the reason stated herein and by the court in the opinion this day rendered in Ohio Steel Foundry Co. v. United States (No. F–143), we are of opinion that the defendant's plea to the jurisdiction in this case is well taken and is sustained. See, also, Bindley v. Heiner (D. C. W. D. Pa.) 38 F.(2d) 489, vol. 1, 1930 P. H. Federal Tax Service, par. 470.

The petition must therefore be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WILLIAMS, GREEN, and GRAHAM, Judges, concur.