### GREEN v. MacLAUGHLIN, Collector of Internal Revenue.

### No. 15888.

District Court, E. D. Pennsylvania.

Dec. 16, 1931.

Sundheim, Folz & Sundheim, of Philadelphia, Pa., for plaintiff.

Edward W. Wells, U. S. Atty., of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit brought by a taxpayer to recover the sum of $1,385.27 with interest, which is the amount of a refund claimed by the taxpayer of a portion of his federal income tax paid for the year 1921. The claim is based upon the taxpayer's contention that, in computing his income tax for 1921, he was entitled to a deduction for the federal estate tax and Pennsylvania inheritance tax paid by him during that year on account of the estate of his father, Robert M. Green, Sr., of which estate he was a beneficiary.

The facts have been agreed upon by the parties and a stipulation filed of record, which stipulation is now adopted as the findings of fact.

The important question is as to the jurisdiction of this court to entertain the suit. The taxpayer had claimed a deduction in his 1921 return on account of the inheritance taxes paid by him as stated. The Commissioner of Internal Revenue, prior to February 26, 1926 (the effective date of the Revenue Act of 1926), disallowed the deduction and determined a deficiency.

On April 21, 1926, the taxpayer filed a petition with the Board of Tax Appeals for a redetermination of the deficiency so found. An answer was filed, the case was set for hearing, and on March 14, 1928, was tried before the Board. On June 30, 1928, the Board issued an order of redetermination wherein it was determined that there was a deficiency of same amount as had been found by the Commissioner of Internal Revenue. No appeal was taken from the order of the Board, and the tax was paid. On December 4, 1929, a claim for refund was filed, and, upon its rejection, this suit was brought.

The jurisdiction of the Board of Tax Appeals was extended by the Revenue Act of 1926 under which this taxpayer filed his petition with the Board. By section 284 (d) of the act (26 USCA § 1065 (d) it is provided that, if the taxpayer has filed a petition with the Board, "no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court," with certain specified exceptions none of which apply to this case. The meaning of the act is plain. The taxpayer, having a choice of proceeding either by petition to the Board of Tax Appeals or by a suit in the District Court after his claim for refund has been rejected, and having elected to proceed by petition to the Board, can no longer pursue his remedy by suit to recover the tax paid. See Old Colony Trust Company v. Commissioner of Internal Revenue, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918; Blair v. Curran (C. C. A.) 24 F.(2d) 390; De Ford v. Commissioner of Internal Revenue (C. C. A.) 29 F.(2d) 532; James v. United States (Ct. Cl.) 38 F.(2d) 140; James v. United States (Ct. Cl.) 38 F.(2d) 143; Ohio Steel Foundry Company v. United States (Ct. Cl.) 38 F.(2d) 144.

### Conclusions of Law.

This court is without jurisdiction to entertain this suit.

Judgment accordingly.