## BRAMPTON WOOLEN CO. v. FIELD, Collector of Internal Revenue.

No. 2639.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

See, also, 45 F.(2d) 327.

Henry M. Ward, of Washington, D. C. (Francis W. Johnston, of Claremont, N. H., and Harry A. Fellows, of Washington, D. C., on the brief), for appellant.

Raymond U. Smith, U. S. Atty., of Concord, N. H., and Ralph E. Updike, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and HALE, District Judge.

WILSON, Circuit Judge.

This is an appeal from a judgment of the District Court of New Hampshire in an action at law brought by the appellant against the appellee, who is the Collector of Internal Revenue for the district of New Hampshire, to recover a sum alleged to have been unlawfully collected of the appellant, under threat of distraint, as a deficiency tax for the year 1918. The appellant is a corporation conducting a textile mill in the state of New Hampshire.

The Revenue Act of 1918 was not approved until February 24, 1919 (40 Stat. 1057), and, owing to the shortness of the time for computing the tax for 1918 before March 15 under the new act, the Commissioner suggested to taxpayers the filing of a "tentative return," so called, on or before the latter date, and that an extension of time would then be granted for filing a complete return.

On March 14, 1919, the appellant filed a "tentative return" on form 1031–T, showing a tax due for the year 1918 of $120,000, and, as required by the Revenue Act of 1918, paid one-fourth of that sum, $30,000, upon the filing of the return. The appellant filed a complete return on June 14, 1919, showing a tax for the year in question of only $73,657.-46, which was in due time paid.

The Revenue Act of 1921 (§ 250 (d), 42 Stat. 265) provided that a tax under the Revenue Act of 1918 (§ 250 (d), 40 Stat. 1083) might be assessed at any time within five

years of the date of filing a return, which date the Supreme Court held in Florsheim Bros. Drygoods Co., Ltd. v. United States, 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542, was the date of the filing of the complete return, which in this case was June 14, 19119.

On February 7, 1924, the Commissioner notified the appellant of a deficiency tax for the year 1918 of $62,001.27, and suggested that, in the event that the taxpayer desired to appeal and to avoid an immediate assessment, a waiver of the statute limiting the period of assessment and collection be filed. A waiver was filed with the Commissioner in Washington on February 27, 1924, but apparently was not in time under the procedure in the department to prevent a jeopardy assessment, which was made by the Commissioner on March 13, 1924. On March 30, the appellant filed a claim for an abatement of the entire amount of $62,001.27, the grounds of which are stated as follows: "Assessment previously made was erroneous, due to the fact that the Revenue Agent did not take into consideration the proper adjustment of salaries to officers, reasonable depreciation allowance, as well as amortization of war facilities installed during the year and due to handling of war orders. The information and brief are being prepared now to clearly reflect the above and will be presented to the Treasury Department for consideration at an early date."

On June 7, 1924, the appellant also filed a claim for a refund for the years 1918, 1919, and 1920. From March 30, 1924, up to October 23, 1926, frequent hearings or conferences with the Income Tax Unit were had relating to its claim for refunds, and particularly to its claim for an abatement of the deficiency tax assessed in March, 1924, based on the grounds set forth in its claim for abatement.

While a small allowance for an overassessment for 1919 was made and another small claim for refund on its 1918 tax was later filed by the appellant and denied, they do not appear to have any effect on the result of this action, as no further action was taken in relation thereto after the decision of the Commissioner on October 23, 1926.

On October 23, 1926, the Commissioner notified the appellant that its claim for abatement of the deficiency tax assessed on March 13, 1924, was rejected, and a complete restatement of the appellant's income for the year 1918 and a recomputation of its tax for that year was sent the appellant, showing both the deficiency assessed in February,

1924, and that a further deficiency of $2,224.95 resulted from the recomputation. The appellant was notified that, unless it protested within thirty days, the additional deficiency shown by the recomputation, a formal sixty days' notice of the additional deficiency would be given, and to give sufficient time for consideration it was suggested that another waiver be filed, which was done November 15, 1926, extending the period for assessment to December 31, 1927.

On January 8, 1927, the Commissioner formally notified the appellant of the assessment of the deficiency of $2,224.95; and on March 1, 1927, the appellant filed with the Board of Tax Appeals an appeal from the Commissioner's assessment of the second deficiency tax, based on the following errors:

"(a) The failure of the Commissioner to allow as a deduction from gross income in the year 1918, depreciation upon the machinery of the Newport plant of the taxpayer at the rate of fifteen per cent per annum.

"(b) The failure of the Commissioner to allow as a deduction from gross income in the year 1918, an additional salary amounting to Thirty Thousand Dollars ($30,000) voted by the Board of Directors of the taxpayer as special compensation for services rendered by the four officers in the year 1918."

No further steps were taken in determining the amount of tax due except in hearings before the Board of Tax Appeals, or toward collecting any part of the deficiency assessed in March, 1924, until 1928, when in June the collector sent the appellant a letter suggesting that the appellant file a bond if it desired the collection of the deficiency tax further delayed.

The appellant failing after several more requests to file such a bond, the collector, on September 3, 1929, gave notice that, if not paid at once, he would proceed by distraint to collect, to avoid which the appellant on September 9, 1929, paid the amount with interest totaling $82,561.70. On October 16, 1929, the appellant filed a claim for a refund of the sum so paid, which was denied by the Commissioner on the 6th day of December, 1929, whereupon the appellant on March 11, 1930, filed its writ and declaration in this action in the District Court of New Hampshire to recover the amount. The declaration contains three counts: One for the recovery of the entire sum based solely on the ground that it was collected after the limitation for collection fixed by the Revenue Acts of 1918, 1921, 1924, 1926, and 1928; a second based on the claim for allowance on account of the

increase in salaries; and a third based on the alleged depreciation due to war conditions.

To this action the government filed a plea to the jurisdiction of the court on the ground that, there being an appeal pending before the Board of Tax Appeals, instituted after the passage of the 1926 Revenue Act, and after notice of a deficiency by the Commissioner in accordance with section 274 (a), 26 USCA § 1048, under which appeal the entire computation of the appellant's tax for 1918 was involved, section 284 (d) and section 1003 of the Revenue Act of 1926 (44 Stat. 67, 110, 26 USCA §§ 1065 (d), 1226) prohibited any action at law by a taxpayer in a district court to recover an alleged overpayment.

The District Court overruled the plea to the jurisdiction as to the first count, and sustained the plea as to the second and third counts seeking a refund by reason of the increase in salaries and for depreciation of machinery due to extraordinary conditions during the war period, presumably on the ground that those items were expressly in issue before the Board of Tax Appeals under the appellant's petition to the Board, March 1, 1927; but holding that the status of the prior assessment of March 13, 1924, had already been finally determined, and could not be made the subject of adversary proceedings in the determination of an additional deficiency, unless affected by the waivers.

The waiver filed in February, 1924, was for an unlimited period, but on February 10, 1925, a second waiver was filed to remain in effect until December 31, 1925; on September 16, 1925, a third waiver was filed, extending the period of limitation for another year from the expiration of the last waiver, or until December 31, 1926; and on November 15, 1926, a fourth waiver was executed and filed, and, as above stated, extended the period of limitation for another year from the expiration of the last prior waiver, or until December 31, 1927.

It cannot be said that, under the 1926 Revenue Act, in view of these waivers, a tax assessed for the year 1918 had become a fixed and unchangeable sum on an appeal before the Board of Tax Appeals, and that, therefore, in this case only the deficiency assessment of $2,224.95 was involved in the appeal of March 1, 1927. When the question of a deficiency is under consideration, the entire tax is involved and must be recomputed. Bankers' Reserve Life Co. v. United States (Ct. Cl.) 44 F.(2d) 1000; James v. United States (Ct. Cl.) 38 F.(2d) 140; Ohio Steel Foundry Co. v. United States (Ct. Cl.) 38

F.(2d) 144; Lewis et al. v. Reynolds (C. C. A.) 48 F.(2d) 515, affirmed in opinion of Supreme Court, 52 S. Ct. 145, 146, 76 L. Ed. ——, handed down January 4, 1932.

By express provision in section 273 of the Revenue Acts of 1924 and 1926, 26 USCA § 1047, a deficiency is determined by first finding the true tax for the year in question, and subtracting therefrom the tax assessed on the taxpayer's return, plus any deficiency previously assessed, and all sums collected without assessment, if any, in addition to the tax computed on the taxpayer's return, less certain deductions defined in the acts.

The Board of Tax Appeals in February, 1930, 18 B. T. A. 1075, sustained the ·Commissioner in his recomputation of the 1918 tax, which resulted in an additional deficiency, and denied the appellant's claim for a deduction by reason of the alleged increase in salaries accruing in 1918, and also for the deduction claimed for extraordinary depreciation of machinery. From this decision an appeal was taken to this court, which on November 26, 1930, ·handed down a decision, 45 F. (2d) 327, holding in effect that the deficiency tax assessed in March, 1924, was the subject of adversary proceedings in the appeal to the Board of Tax Appeals in 1927, at least to the extent of the claim for the increase in salaries, and that the appellant's claim for a deduction of salaries should have been allowed. It reversed the decision of the Board on this point, and presumably sustained it on the other issue involved, if any assignment of error was made with reference thereto; and, if not, the decision of the Board of Tax Appeals was final as to all other issues that might have been considered on the appeal. The amount of the tax of the appellant for the year 1918 was then, and not until then, finally determined, subject, of course, to review by the Supreme Court on certiorari.

A deduction from the prior deficiency tax was accordingly made by the Board by reason of the increase in salaries, and a refund voluntarily made of the sum of $22,660. · A disclaimer for the above sum, which with interest amounted to $27,211.56, was filed in this action in the District Court before judgment, leaving a balance sought to be recovered of $55,350.14, with interest from September 11, 1929.

After a plea to, and a hearing on the merits, the District Court ordered judgment for the defendant on the ground that the collection on September 11, 1929, of the amount of the first deficiency assessment with interest was, by reason of the waivers, within the time

allowed for collection under section 278 (d), 26 USCA § 1061, viz., six years after assessment, it having been assessed on March 13, 1924.

The plaintiff appealed from the judgment of the District Court and assigned as errors: (1) That the court erred in holding that the collection of the amount of the first deficiency tax was not barred by the applicable periods of limitations set forth in the Revenue Acts of 1924, 1926, and 1928; (2) that the District ,Court erred in holding that, unless the waiver expressly provided for the collection of a tax previously assessed, it did not extend the time for collection, and (3) that the court erred in holding that the waiver of November 15, 1926, which referred only to assessments, extended the period for collection of the tax assessed in March, 1924.

 The question of jurisdiction of the subject-matter being always open, the government strongly urges that the District Court was without jurisdiction, on the ground that, the taxpayer having appealed to the Board of Tax Appeals from the determination by the Commissioner of an additional deficiency tax in January, 1927, the Board of Tax Appeals, and this court on appeal therefrom, under sections 284 (d) and 1003 of the Revenue Act of 1926, 26 USCA § 1065 (d), 1226, had exclusive jurisdiction to determine the amount of the appellant's tax for the year 1918, and thereafter no action would lie at common law against the collector for a refund.

The waivers of February 27, 1924, February 10, 1925, and September 16, 1925, extended the period for collection of the 1918 tax beyond the enactment of the 1926 act. Whatever was the effect of the waiver filed in November, 1926, on the collection of the tax, the District Court properly found that the waivers above enumerated extended the period for assessing any tax found due from the taxpayer to December 31, 1927. When the Commissioner on October 23, 1926, denied the taxpayer's claim for an abatement of the deficiency assessment of March, 1924, and recomputed the entire tax of the appellant for 1918, showing an additional deficiency of which he gave formal notice in January, 1927, he must have taken into consideration, as it appears he did from the exhibits on file, not only the correct tax for the year in question, but also the original assessment on the taxpayer's complete return, as well as the deficiency assessment of March, 1924, as he was required to do under section 273 of the Revenue Act of 1924 and 1926 (26 USCA § 1047).

The Board of Tax Appeals, and this court on review, had before it the same questions as were raised on the petition for the abatement of the deficiency assessment of March, 1924, viz., the alleged increase in salaries and the abnormal depreciation of its machinery owing to war conditions during 1918.

In determining the additional deficiency upon appeal, the Board was also obliged to review the Commissioner's recomputation of the entire tax, and to take into consideration the disputed questions previously raised in connection with the abatement of the first deficiency assessment. If the taxpayer's claim for deductions were allowed, there not only would be no additional deficiency, but the tax assessed as a deficiency on March 13, 1924, would be materially reduced, as, indeed, it was on the appeal to this court, and by the disclaimer in this action. Whether the additional deficiency tax was adjusted in the amount refunded is not clear on the record, but the inference is from the language of the "decision" of the Board following the decision of this court filed January 28, 1931, that it entered into the adjustment. The "decision'" of the Board in part reads as follows:

"Pursuant to the mandate of the United States Circuit Court of Appeals for the First Circuit filed Jan. 28, 1931, * * * The parties having on May 2, 1931, filed a written stipulation respecting the tax liability of the petitioner here it is, therefore,

"Ordered and decided that there is an overpayment for the year 1918 in the amount of $22,660.

"Logan Morris, Member.
"Dated Washington, D..C., May 2, 1931."

We are of the opinion from a consideration of the scope and purpose of the 1926 act that, in consequence of the waiver of November 15, 1926, and by the appeal to the Board in March, 1927, even though the waiver purported to be a waiver only as to assessments, see Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, the limitations in the Revenue Acts on the collection of taxes for the year 1918 in respect to the deficiency taxes assessed against the appellant were tolled, pending the final determination of the tax for the year in question on appeal and review; and that the collection of the amount of the first deficiency assessment in September, 1929, while it may have been unnecessary at that time in order to preserve the rights of the government, was not illegal, not being barred by the limitations of sections 277 and 278 (c, d) of the 1924 act (26 USCA §§ 1057 note, 1060 note, 1061 note). And having

been collected, sections 284 (d) and 1003 of the Revenue Act of 1926 exclude original jurisdiction by the courts in any action to recover a refund until the amount of the tax due for the year in question is finally determined.

One of the purposes of the 1926 act was to remedy a condition existing under the act of 1924, whereby a taxpayer could apply to the Board of Tax Appeals, and, whatever the result, then bring an action de novo in the District Court. See report of Senate Committee on Finance on Revenue Act of 1926, Sixty-Ninth Congress, First Session. "The hearing before the Board was at that time little more than a preliminary skirmish." Blair v. Curran (C. C. A.) 24 F.(2d) 390, 392. Under the act of 1926, except in few instances, and mainly where proceedings were already begun before the Board under the 1924 act, the jurisdiction of the Board, and of this court on appeal was made exclusive. Ohio Steel Foundry Co. v. United States (Ct. Cl.) 38 F.(2d) 144.

As the court said in the last case cited, page 148 of 38 F.(2d):

"We think section 284 (d) of the Revenue Act of 1926 (26 USCA § 1065 (d) contemplated that no suit should be instituted by a taxpayer for the recovery of a tax after the Commissioner has determined and notified such taxpayer of a deficiency in respect of the tax for such taxable year, in the event of institution by the taxpayer of a proceeding before the Board of Tax Appeals for the redetermination of such a deficiency. * * *

"Had the Commissioner determined a deficiency in respect of the tax of this plaintiff for the year 1918 and mailed to it a notice of such determination, and the plaintiff herein had instituted a proceeding before the Board of Tax Appeals prior to the bringing of this suit, we think this suit would, under such circumstances, be premature· and this court would be without jurisdiction to entertain it. Under such circumstances it would be incumbent upon the taxpayer to raise all questions relating to his tax liability for the taxable year, in respect of which the Commissioner had determined the deficiency, before the Board of Tax Appeals and to pursue his remedy with respect both to the deficiency and to any claimed overpayment to a conclusion under the provisions of the Revenue Act of 1926, either by accepting the decision of the Board, which has become final by the expiration of the time for filing of a petition for review of such decision, or by prosecuting such review to a conclusion as provided by law."

But even if the District Court had jurisdiction, we think that its judgment should be affirmed, whether or not section 278 (d) and (e) of the act of 1926 (26 USCA §§ 1061 note, 1062 note) controls. No claim is made in the appellant's declaration, or in the hearing on the merits, that the balance of the amount sued for, after deducting the amount of the disclaimer, was not a valid tax. The only claim made is that the collection was barred by the limitations fixed in sections 277 and 278 of the act of 1924, as interpreted in Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255, and that the period of collection was not extended by the waiver filed in November, 1926.

The Supreme Court, however, in the case of Lewis et al. v. Reynolds, supra, held that, in a suit to recover a tax alleged to have been illegally collected after the period of limitation had run, the taxpayer must show that no part of the tax was due; that such an action for a refund is in the nature of an action for money had and received, and the taxpayer must show that the collector has money that belongs to him. The court said: "An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded."

We hold, however, that the case should have been dismissed below for want of jurisdiction.

The judgment of the District Court is vacated, and the case is remanded to that court, with directions to enter an order dismissing the case for want of jurisdiction.