## AMERICAN WOOLEN CO. v. WHITE.
### No. 2646.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

Melville F. Weston, of Boston, Mass. (Powers & Hall and Matt B. Jones, Jr., all of Boston, Mass., on the brief), for appellant.

J. Duke Smith, Sp. Asst. to U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from the District Court of Massachusetts in an action by the appel-

lant corporation to recover an alleged overpayment of its income taxes for the year 1922.

According to the taxpayer's return for that year, the Commissioner assessed a tax for $1,292,058.94. On or before March 13, 1923, the Commissioner notified the taxpayer that he had determined that the taxpayer had overpaid its tax for the year 1917 to the amount of $138,492.16. The taxpayer immediately filed a claim for said amount to be applied as a credit on its tax for the year 1922, which he was allowed to do in payment of the first installment of its 1922 tax. After paying the balance of its tax for that year, the Commissioner approved and signed a final schedule, which included the credit of $138,-492.16, and issued a certificate to that effect, and thereupon the appellant made the proper entry on its books.

In January, 1928, for some reason not disclosed in the record, the Commissioner notified the collector, and appellee here, to reverse, or strike off, the credit so applied, which was done on the books of the collector; and thereafter the collector proceeded under threat of distraint to collect the above sum with interest totalling $180,663.02, which the appellant paid on April 12, 1928. The sum was collected, not as a deficiency tax, or in addition to the tax assessed on the taxpayer's return for that year, but as an unpaid balance of the 1922 taxes shown by the return.

The appellant on April 4, 1930, filed a claim for a refund of the above amount, and, the Commissioner not having decided the appellant's claim for a refund within six months, the appellant on May 7, 1931, brought this action to recover the above amount.

In the meantime, however, the Commissioner on December 17, 1930, had given notice to the appellant of the determination of a deficiency tax for the year 1922 in the sum of $154,819.50; and on January 12, 1931, five months before this action was brought, the appellant appealed to the Board of Tax Appeals' for a redetermination of the deficiency tax set forth in the notice of the Commissioner on December 7, 1930, which petition, it is stipulated by the parties, made no reference to the credit on the 1922 tax from the overassessment in 1917, or its reversal by direction of the Commissioner. The taxpayer's petition is still pending before the Board of Tax Appeals.

The original declaration in this action merely set forth in general terms a payment in full of the 1922 tax; that shortly prior to April 12, 1928, the collector gave notice that there was still due on the 1922 tax the sum of $138,402.16, with interest to the amount of $42,170.86, or a total of $180,663.02, and, under the threat of distraint upon its property, the appellant paid the above amount; and that the appellant on April 11, 1930, filed a claim for refund of the amount, on which claim at the time of the filing of the writ no decision had been rendered.

To this writ and declaration the defendant, and appellee here, filed an answer in abatement, setting forth the assessment of the deficiency tax in December, 1930, and the appeal to the Board of Tax Appeals. By stipulation a statement of the facts was filed, a hearing had on the answer in abatement, which was sustained by the District Court, and the action ordered to be dismissed. The appellant then filed a motion to amend its declaration by setting out the facts in relation to the application of the alleged overpayment of the 1917 tax as a credit or part payment of the 1922 tax, and the subsequent reversal of this credit by direction of the Commissioner, and the collection of the amount sued for under threat of distraint. The District Court denied the motion to amend and ordered judgment to be entered for the defendant.

The appellant bases its appeal to this court chiefly on the following grounds: (1) The ruling of the District Court that the amount alleged to have been collected of the appellant was a part of a deficiency as defined in the 1924 and 1926 Revenue acts, section 273 (26 USCA § 1047); (2) a ruling that the Board of Tax Appeals had exclusive jurisdiction over the matter here in controversy; (3) that the court erred in dismissing the suit and denying the plaintiff's proposed amendment to its declaration; (4) that the District Court erred in entering an order of judgment for the defendant.

The ground urged by the government in support of the rulings by the District Court is that the Board of Tax Appeals has jurisdiction to determine the amount of a deficiency, and, if the Board finds no deficiency, to determine whether there has been an overpayment and the amount; that, a notice of a deficiency tax for the year 1922 having been given, and an appeal taken to the Board of Tax Appeals prior to the beginning of this action, section 284 (d) of the Act of 1926, 26 USCA § 1065 (d) prohibits any action by a taxpayer to recover any refund or alleged overpayment while an appeal was pending before the Board of Tax Appeals.

██ We think the District Court erred in holding that the sum collected of the taxpayer in 1928 was in the nature of a deficiency as defined in section 273 of the 1924 act (26 USCA § 1047 and note) or section 273 of the 1926 act (26 USCA § 1047). A deficiency tax is the difference between the correct tax for the year in question and the tax shown by the taxpayer's return, the latter first being increased by any deficiency already determined upon, or any sums collected without assessment in addition to the tax shown by the taxpayer's return, but decreased by any abatement, credits, or refund in reduction of the tax shown by the taxpayer's return.

While it is not material to the disposition of the case, the sum collected in this instance clearly was not collected as a deficiency, or in addition to the tax shown by the taxpayer's return, but as a part of the tax computed on the return, which the Commissioner claimed was still unpaid owing to the reversal of the credit allowed by reason of an alleged overassessment and overpayment for a previous year. The collection of this sum, therefore, neither increased nor diminished the amount of the tax for the year 1922, as shown by the taxpayer's return. No question is raised as to the expiration of the limitation of the period within which a tax assessed in 1923 could be collected, and we assume it was collected within the period allowed by law.

The Commissioner, however, gave notice in December, 1930, that there was a deficiency tax for the year 1922 of $154,819.50 in addition to the tax assessed on the taxpayer's return for that year, from which the taxpayer appealed to the Board of Tax Appeals.

The issues before this court are whether, the taxpayer having appealed to the Board of Tax Appeals prior to the bringing of this action, the Board of Tax Appeals has exclusive jurisdiction of the questions raised under the appellant's original declaration, and whether its proposed amendment thereto should have been allowed, and, if not, whether a judgment should have been entered for the defendant.

██ Under the 1924 Revenue Act, no direct judicial review of proceedings before the Board of Tax Appeals was provided. Both the taxpayer and the government had the right to test the correctness of the Board's action in any court of competent jurisdiction. This procedure was changed by the 1926 Revenue Act, and a direct judicial review of the Board's decision was substituted, and the Board's jurisdiction was enlarged to enable it to consider deficiencies beyond those shown in the Commissioner's notice, if the Commissioner made such a claim at or before the hearing, or if no deficiency to consider whether there had been an overpayment and the amount. In all matters properly before the Board on appeal, unless expressly excepted in the statute, its jurisdiction under section 284 (d) of the 1926 act, 26 USCA § 1065 (d), is exclusive. Bankers' Reserve Life Co. v. United States (Ct. Cl.) 44 F.(2d) 1000, 1003.

In the case last cited the court said: "The plaintiff in this case elected, upon the receipt of the deficiency assessment notice, to take its controversy with the Commissioner of Internal Revenue as to its tax liability for the year 1926 to the Board of Tax Appeals. This board, with the right of a judicial review of its decision granted by the statutes, afforded the plaintiff a forum with full authority and jurisdiction in which it could have a judicial determination as to every question involved in its tax liability for the year in question. Old Colony Trust Co. et al. v. Commissioner of Internal Revenue, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918; Bindley et al. v. Heiner (D. C.) 38 F.(2d) 489. The fact that the precise question presented here was not considered and determined by the board is not material. The plaintiff had the undoubted right by proper allegations in its petition to set up its claim for an overpayment before the board and to raise the question of the validity of any part of its taxes before the board and carry such question on to the courts, had it seen fit to do so. Not having availed itself of the opportunity to litigate its right to a refund of the taxes assessed against it under section 245 (a) of the Revenue Act of 1921, in the forum of its own selection, which had ample authority to determine the same, it cannot be heard to say it has been denied its day in court."

██ Under section 274 (g) of the Revenue Act of 1926 (44 Stat. 56, 26 USCA § 1048e), and section 272 (g) of the Revenue Act of 1928 (45 Stat. 854, 26 USCA § 2272 (g), "The board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency"; but has no jurisdiction to determine whether a tax for another year has been overpaid or underpaid. Under section 274 (e) of the 1926 act (26 USCA § 1048c), the Board may determine the correct amount of an alleged deficiency on an appeal, whether it be greater or less than that determined by the Commissioner; and, under section 284 (e) as amend-

ed by section 507 of the 1928 Act (26 USCA § 1065), the Board on appeal may also determine that there is no deficiency, but an overpayment, and determine the amount, and that the taxpayer is entitled to a refund, which, if the credit was improperly reversed, would be the result in this case, as the amount collected exceeded the deficiency tax assessed in December, 1930. Peerless Woolen Mills v. Commissioner, 13 B. T. A. 1119, 1127; James v. United States (Ct. Cl.) 38 F.(2d) 140; Ohio Steel Foundry Co. v. United States (Ct. Cl.) 38 F.(2d) 144; Bindley et· al. v. Heiner (D. C.) 38 F.(2d) 489; Lewis et al. v. Reynolds (C. C. A.) 48 F.(2d) 515, in which case an opinion affirming the decision of the Circuit Court of Appeals for the Tenth Circuit was handed down from the United States Supreme Court January 4, 1932. 52 S. Ct. 145, 76 L. Ed. ——.

Therefore, if the Board has jurisdiction under the appeal from the Commissioner's determination of a deficiency tax to consider the issue of the alleged overpayment of the 1922 tax, and can determine the taxpayer's correct liability without determining whether or not the 1917 tax was in fact overpaid, it has exclusive jurisdiction under sections 284 (d) and 1003 of the 1926 act (26 USCA § 1065 (d), 26 USCA § 1226); but, if the question of overpayment under the declaration originally filed involves the consideration of whether the 1917 tax of the taxpayer was in fact overpaid, then the Board of Tax Appeals has no jurisdiction on the appeal before it to consider that issue in redetermining the deficiency tax for 1922, since section 274 (g) of the 1926 act and section 272 (g) of the 1928 act, above referred to, both prohibit the Board from determining whether the tax for any other year than that under consideration has been overpaid or underpaid.

In order to ascertain whether the Board on the appeal now before it has jurisdiction to consider the question of an overpayment of the 1922 tax, it is only necessary to examine the original declaration to determine whether it is anywhere alleged that the 1917 tax of the appellant was, or was not, in fact overpaid.

The original declaration merely alleges an overpayment of the 1922 tax. No reference is made to the 1917 tax. Under the authorities above cited, upon such general allegations and the stipulated facts, the Board of Tax Appeals clearly has exclusive jurisdiction to determine whether the 1922 tax has been overpaid and whether any deficiency exists, and, if there be no deficiency, the amount of the overpayment. Without an amendment, we think the writ was properly dismissed.

Even under the proposed amendment, the allegations are: That the appellant's 1922 tax has been fully paid in part by a credit determined and allowed by the Commissioner by reason of an overpayment of the taxpayer's 1917 tax; that the Commissioner on or about January 24, 1928, without warrant, arbitrarily and erroneously instructed the collector to reverse this credit; that the collector reversed the credit on his books, and under threat of distraint collected the amount of the credit plus interest as an unpaid balance of the 1922 tax as computed on the taxpayer's return; and that the action of the Commissioner and the collector in attempting to reverse the fully executed credit was unlawful and beyond their power and jurisdiction, and was null and void.

We think the fair inference from the allegations in the proposed amendment is that the 1917 tax was actually overpaid, and therefore the taxpayer was entitled to the credit on his 1922 tax; and, since it does not affirmatively appear in the proposed amendment that there is an issue between the parties as to whether the 1917 tax was actually overpaid, the Board of Tax Appeals has exclusive jurisdiction to determine whether the 1922 tax has been overpaid as alleged, and the amount of the refund, if any, due the taxpayer.

If, however, it had affirmatively appeared by the proposed amendment that the reversal of the credit by the Commissioner in 1928 was the result of a redetermination of the 1917 tax, and there is now an issue between the parties as to whether there was an actual overpayment in that year, the Board of Tax Appeals under sections 274 (g) and 272 (g) above referred to, having no jurisdiction to determine whether the tax for 1917 was or was not overpaid, the District Court would then be the proper forum in which to determine that issue in a common law action.

█ There being no decision on the merits against the plaintiff, no final entry of judgment for the defendant was proper. The issues before the trial court were interlocutory. Upon the facts alleged in the answer in abatement, which were admitted by stipulation, the issue was: Did the District Court have jurisdiction? The answer of the court was: No. To avoid any question of prejudice in case the plaintiff seeks to bring a new action, a proper entry would have been: "Action dismissed without prejudice," 8 Ency. of

Federal Procedure, § 5723, although we think the entry of dismissal would not prejudice the plaintiff in a new action in which jurisdiction of the District Court appears, since it involved no decision on the merits, Gould on Pleading, p. 277, §§ 158, 159; Tyler's Stephens on Pleading, pp. 134, 135; Chitty on Pleading (16th Ed.) p. *483. Rule 39 of the District Court is to be construed in accordance with these general principles, nor do sections 50, 53, c. 231, Mass. Gen. Laws (1921) imply anything to the contrary.

The proposed amendment did not cure the objection raised by the answer in abatement, and was properly disallowed by the District Court. The allowance of amendments being discretionary with the trial court, no error can be based on the refusal to allow the amendment, unless a clear abuse of discretion appears.

The judgment of the District Court is reversed. The order of dismissal should be,

Dismissed without prejudice.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.