Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharke, and Fred J. Neuland, Sp. Assts. to Atty. Gen., and Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., for defendants.

### RESNIK v. WELCH, Collector of Internal Revenue.

### RESNIK v. HASSETT, Collector of Internal Revenue.

#### Nos. 7147, 7296.

District Court, D. Massachusetts.

Feb. 11, 1941.

BREWSTER, District Judge.

These actions were brought to recover income tax for the year 1924. Defendants have moved to dismiss on the ground, that the statutes of the United States do not confer upon the plaintiff the right to invoke the jurisdiction of this court in the circumstances alleged.

It appears that a deficiency assessment for the year 1924 was made by the Commissioner of Internal Revenue in July, 1927, of which due notice was given to the plaintiff. Within 60 days thereafter the taxpayer filed a petition with the Board of Tax Appeals for a redetermination of the deficiency. This petition was first dismissed for want of prosecution, was later reinstated and again dismissed for the same reason on March 23, 1931, when the Board determined the deficiency to be the same as that found by the Commissioner. From this determination no appeal to the Circuit Court of Appeals was taken, and on May 9, 1930, the amount of the deficiency, with

interest, was assessed and subsequently paid. $2,326.87 was paid to the defendant Welch, as Collector of Internal Revenue, which plaintiff seeks to recover in Law No. 7147; and $500 was paid to the defendant Hassett, as Collector of Internal Revenue, recovery of which is sought in Law No. 7296.

The same issue is presented in both cases; it is whether the plaintiff, having elected to petition for a review by the Board of Tax Appeals, is thereby precluded by the Revenue Act of 1926, Section 284(d), 26 U.S.C.A.Int.Rev.Acts, page 220, from invoking the jurisdiction of this court. Section 274(a) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 203, gave the taxpayer, in case of a deficiency assessment, the right to petition the Board of Tax Appeals for a redetermination of that deficiency. Section 284(d) provides in part as follows:

"If the Commissioner has mailed to the taxpayer a notice of deficiency under subdivision (a) of section 274 and if the taxpayer after the enactment of this Act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except * * *." (The exceptions are not pertinent to this case.)

Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, was a case where the proceedings before the Board of Tax Appeals were commenced before the enactment of the Revenue Act of 1926 and was then pending before the Board. The language of the opinion leaves no doubt that if subsequent to the effective date of the 1926 Act the taxpayer elects to petition the Board of Tax Appeals for a redetermination, he is denied the right to seek relief in the District Courts by the terms of the statute above cited, and that the determination of the Board is final if, within the time specified, no appeal is taken to the Circuit Court of Appeals, as provided in section 1003. Revenue Act of 1926, § 1005, 26 U.S. C.A. Int.Rev.Acts, pages 313, 314.

This application of the 1926 Act has been so frequently and consistently accepted by the lower court that it seems unnecessary to do more than refer, without discussion,

to some of these cases: Ohio Steel Foundry Co. v. United States, Ct.Cl., 38 F.2d 144; Bankers' Reserve Life Co. v. United States, Ct.Cl., 44 F.2d 1000; Green v. MacLaughlin, D.C., 55 F.2d 423; American Woolen Co. v. White, 1 Cir., 56 F.2d 716; Brampton Woolen Co. v. Field, 1 Cir., 56 F.2d 23; Warren Manufacturing Co. v. Tait, D.C., 60 F.2d 982; Continental Petroleum Co. v. United States, 10 Cir., 87 F.2d 91; Worm v. Harrison, 7 Cir., 98 F.2d 977; Cook v. United States, 5 Cir., 108 F.2d 804; Brooks v. Driscoll, 3 Cir., 114 F.2d 426.

Defendants' motions to dismiss are allowed.