**EARLE v. UNITED STATES.**
No. L–291.

Court of Claims.
June 5, 1933.

850

A. E. James, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this action to recover an overpayment of income tax for 1916, and the case turns on the question of whether the suit has been brought in time. The facts are not in dispute.

The plaintiff duly filed his income tax return for 1916 and paid the amount shown to be due thereby. Thereafter the Commissioner of Internal Revenue assessed a deficiency for that year of $7,658.85, which was

paid July 30, 1920. November 25, 1921, the plaintiff filed a claim for refund in the sum of $5,975.23, and July 18, 1922, the Commissioner wrote plaintiff setting out the result of the audit of his tax for the years 1913 to 1919, inclusive. December 19, 1922, the Commissioner, after further consideration and audit of the returns for 1916 and 1917 together with other years, made a statement to plaintiff which showed an overassessment for 1916 of $5,322.25, and an additional tax for 1917 of $93,713.26. Both of these audits included consideration of the claim for refund filed November 25, 1921. March 28, 1923, the Commissioner assessed the additional tax for 1917 of $93,713.26, and a few days later signed a formal statement for the collector in which appeared an overassessment in favor of plaintiff for 1916 of $5,322.-25, and therein instructed the collector to apply the overpayment as a credit against the tax owing, if any, on the taxpayer's account for subsequent periods. The collector complied with the Commissioner's instructions by applying the 1916 overpayment as a credit against the 1917 additional assessment and forwarded to the Commissioner a schedule of refunds and credits duly signed, on which appeared the credit above referred to and an item of interest on the overpayment of $852.-43. July 19, 1923, the Commissioner mailed a certificate of overassessment to the plaintiff showing an overassessment for 1916 of $5,322.25 which had been credited to the 1917 additional assessment. This certificate contained the following statement:

"The balance (if any) of the overpayment is refunded to you by check of the Treasury Department, forwarded herewith.

"Included in the accompanying check is interest in the amount stated below, allowed on the credit, from the date of payment of the additional tax to the date of allowance of the claim."

A check for the amount of interest was accordingly inclosed and the amount thereof paid to plaintiff.

Plaintiff, however, did not accept this conclusion of the Commissioner, and on April 16, 1926, filed a petition with the Board of Tax Appeals with reference to his taxes for 1917, alleging that the additional tax which had been assessed for that year was barred from collection since collection was not made within five years from May 1, 1918, when the return was filed. May 24, 1928, the plaintiff's contention was sustained by the Board of Tax Appeals and a decision was entered that there was no deficiency for 1917.

June 21, 1928, plaintiff filed a claim for credit of the overpayment for 1916 which had been applied against the tax for 1917, asking that it be credited against an outstanding assessment due for 1927. The claim for credit was based on the fact that the overpayment for 1916 had been applied on a tax which was barred. Subsequently, the Commissioner advised the collector that his claim would not be accepted as a claim for credit but would be considered as a refund claim for 1916, and on November 22, 1928, the Commissioner rejected the claim. July 17, 1930, the plaintiff began this suit.

█ The plaintiff's petition sets out the facts upon which the suit is predicated, but there is nothing in it to indicate whether the suit is brought upon the claim for refund, or the claim for credit, or upon an account stated, in which event the statutory period of limitations for making refunds would not apply. All three of these matters are discussed in the briefs of the respective counsel. We think it quite clear that the suit cannot be maintained upon either the claim for refund or upon the claim for credit. Manifestly, the suit upon the claim for refund is barred, and we think that this is equally true with reference to a suit upon the claim for credit unless, as is contended, the statutory provisions with reference to claims for refund and credit are abrogated by reason of the creation of an account stated. We think there was no account stated. In the case of David Daube v. United States, 53 S. Ct. 597, 598, 77 L. Ed. ——, decided by the Supreme Court May 8, 1933, the Supreme Court said, as a reason why there was no account stated between the government and the taxpayer, that "no balance was arrived at as the result of computation and agreement," that is, no balance arrived at by agreement between the government and the taxpayer. In the case at bar, it would seem clear that no balance was agreed upon between the plaintiff and defendant as a result of the certificate of overassessment that was sent the plaintiff, for the certificate stated in substance that if any balance was due the plaintiff it would be refunded by check. The defendant did not agree to pay the amount for which suit is now brought, nor can any promise to pay it be implied. A blank was put opposite the words "Amount refunded," and opposite the word "Interest," "$852.43," for which a check was inclosed. In fact the attorney for plaintiff in his brief concedes that no agreement was reached as to the balance due by this certificate of overassessment, but argues that on the other hand the plaintiff repudiated it by commencing a

suit before the Board of Tax Appeals to have the additional assessment for 1917 set aside as barred. But he contends that, when the Board of Tax Appeals rendered its decision and plaintiff accepted it, thereafter, at some indefinite date an account stated arose. To this we cannot agree. There was no account presented at that time, and, while the decision of the Board of Tax Appeals showed that the account presented to the plaintiff by the Commissioner was erroneous and this decision was binding upon the defendant in further court proceedings, it did not make a new account or bring the parties into agreement. We therefore hold that there was no account stated between the parties.

But, even if there had been an account stated, we do not think it would avail the plaintiff. If there was any such account, it was presented at the time the plaintiff received the certificate of overassessment, but this suit was not brought until more than six years after that date, and a suit upon an account stated is therefore barred (see 28 US CA § 41 (20). Nor does the fact that the claim for credit was filed within the period of limitations under the account stated, if the certificate of overassessment is to be considered an account stated, enable plaintiff to maintain a suit on the claim for credit. This fact would not alter the statutory provisions with reference to the effect of filing a claim for credit, for a suit upon a claim for credit and one upon an account stated would be based upon altogether different and unrelated matters. Under the statutory provisions applicable to the claim for credit filed in the case at bar (section 284 (b) (1), Revenue Act of 1926, 26 USCA § 1065 (b) (1), no claim for credit could be allowed after four years from the time the tax was paid. This period had long expired when the claim for credit was filed, consequently, even if it should be held that there was an account stated, the claim for credit was not presented in time. Our conclusion is that the plaintiff's suit is barred whether it be considered as based on the claim for refund, or an account stated, or upon the claim for credit.

It follows that the petition must be dismissed, and it is so ordered.

WHALEY and WILLIAMS, Judges, concur.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.

LITTLETON, Judge (concurring).

I concur in the decision dismissing the petition but on the ground that the cause of action arose upon the delivery of the certificate of overassessment on July 19, 1923, and that this suit was not instituted until more than six years thereafter.

The plaintiff accepted as correct the statement of account by the Commissioner for the year 1916 showing his allowance of an overpayment of $5,322.25 for that year, which is the subject of this suit, but insisted, upon the receipt of the certificate of overassessment, as did the taxpayer in the case of Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018, that the 1916 overpayment should be refunded instead of credited, inasmuch as the tax for 1917 against which the credit had been made was barred by the statute of limitation. The protest with reference to the Commissioner's action did not concern the statement of account of the amount due for 1916 as disclosed by the certificate of overassessment, but related to the Commissioner's action with reference to the additional tax for 1917, as was the situation in the Bonwit Teller Case. The Commissioner declined to refund to plaintiff the overpayment allowed for 1916 on the ground that collection of the 1917 tax by credit occurred on March 31, 1923, when he signed the schedule of overassessments and not on July 10, 1923, when he signed the schedule of refunds and credits, and it was not therefore barred. This position of the Commissioner was erroneous just as it was in the case of Bonwit Teller & Co. v. United States, supra, and this is now conceded by the defendant. When the Commissioner took this position and refused to pay to the plaintiff the 1916 overpayment allowed, plaintiff instituted a proceeding before the United States Board of Tax Appeals to contest the legality of the collection for 1917 and the Board decided the case in his favor, holding that the 1917 tax was barred, but the Commissioner still refused to pay. Compare Ohio Steel Foundry Co. v. United States, 38 F. (2d) 144, 148, 69 Ct. Cl. 158; Arthur Curtiss James v. United States, 38 F. (2d) 140, 69 Ct. Cl. 215. Section 609 of the Revenue Act of 1928 (26 USCA § 2609) made the credit void. All of this, however, concerned 1917 and did not affect the statement of account for 1916. At the time of the Commissioner's allowance of the overpayment for that year, and at all times since, the plaintiff has accepted the overpayment of $5,322.25 allowed for 1916

as correct. Payment thereof not having been made, the plaintiff, on June 21, 1928, filed a claim on form 843 asking that the same, with interest thereon, be credited against an outstanding assessment of tax for the calendar year 1927. Prior to the allowance of the overpayment of $5,322.25 for 1916, plaintiff had duly filed a claim for refund of $5,975.23 for 1916, which was allowed by the Commissioner to the extent mentioned.

The certificates of overassessment, in evidence as Exhibit G, which was addressed to the plaintiff at 165 Broadway, New York, N. Y., and which was mailed to him by the Commissioner July 19, 1923, stated in addition to the portions set forth in finding 5, as follows:

"No. 304567.

"Allowed: $5,322.25.

"An audit of your income tax return for 1916, form 1040, and examination of related claims (if any), indicates that the amount of tax assessed to you for this year was in excess of the amount due:

Previously assessed April 1917 list, 23-B, folio 16, line 2.............................. $10,533.84
Additional tax May 1920 list, page 29, line 7    7,658.85

Total tax assessable........................    18,192.69
Tax liability as disclosed by audit..........    12,870.44

Overassessment  ...........................  $ 5,322.25

"The audit as made has been approved by. this office with the exceptions explained to you in a previous communication from this Bureau."

I think plaintiff had a right to file the claim for credit in June, 1928, and that the Commissioner had authority to credit the overpayment allowed in 1916 to the tax due for 1917 and should have done so. Payment of the 1916 overpayment was not barred at the time the claim for credit was filed. However, I do not think the refusal of the Commissioner to make the credit requested brought the case back under the provisions of section 3226 of the Revised Statutes (see 26 USCA § 156), and gave a new limitation period of two years after such refusal if such two-year period carried the limitation beyond the six years from the date of delivery of the certificate of overassessment. In Daube v. United States, 53 S. Ct. 597, 599, 77 L. Ed. —, decided May 8, 1933, the court said: "It [the Bonwit Teller Case] is a ruling not to be extended through an enlargement of the concept of an account stated by latitudinarian construction."

This case in my opinion is on all fours with the Bonwit Teller Case, supra, but the petition was not filed within six years after the cause of action accrued.