## NATIONAL FIRE INS. CO. v. UNITED STATES.

### No. L–49.

Court of Claims.
Oct. 20, 1931.

See also 52 F.(2d) 1014.

of Tax Appeals entered July 29, 1929, finding an overpayment of $33,349.76, is res adjudicata and, as such, binding upon this court for the total amount sued for; thirdly, that plaintiff may also in this action recover interest upon the overpayment determined by the Board of Tax Appeals; and, fourthly, that, notwithstanding issues (1) and (2), its claim for refund of March 12, 1925, is sufficient in law to entitle it to maintain this suit and recover the ·overpayment in question.

On the other hand, the defendant insists that under the provisions of section 284 of the Revenue Act of 1926 and section 507 of the Revenue Act of 1928 (26 USCA § 1065) the latter act being in effect at the time of the entry of the decision by the Board of Tax Appeals, the plaintiff cannot recover the overpayment determined by the board for the reason that it failed to file a claim for refund therefor within the time allowed by subdivision (g) of section 284, supra.

We are of opinion: First, that under section 284 of the Revenue Act of 1926 plaintiff was required to file a proper claim for refund on or before April 1, 1927, which it did not do. Secondly, the United States Board of Tax Appeals has held that its jurisdiction extends only to the determination of the fact of overpayment and the amount thereof, Dickerman & Englis, Inc., 5 B. T. A. 633, W. H. Hill Co., 23 B. T. A. 605, and we find no reason to question the correctness of these decisions. The decision of the Board of Tax Appeals is not therefore res adjudicata and binding on this court with respect to the question here involved. Thirdly, that the right to sue for the overpayment is given by section 284 (e) of the act of 1926 (26 USCA § 1065 and note) ; that in the circumstances of this case the time within which this suit could be instituted is governed by the provisions of section 3226 of the Revised Statutes, as amended (26 USCA § 156), and not by the provision of section 156 of the Judicial Code (28 USCA § 262) as for suits upon claims against the United States, and that the right to recover is dependent upon whether a timely and sufficient claim for refund was filed.

In Ohio Steel Foundry Co. v. United States, 38 F.(2d) 144, 69 Ct. Cl. 158, and Arthur Curtiss James v. United States, 38 F.(2d) 140, 69 Ct. Cl. 215, this court pointed out that in cases where the Board of Tax Appeals determines an overpayment and no question of credits is involved, and the re-

Guy Patten, of Washington, D. C. (A. R. Serven and John W. Smith, both of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Lisle A. Smith and Edward H. Horton, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff contends: First, that the jurisdiction of this court to entertain this action is not governed by the provisions of sections 3226 and 3228 of the Revised Statutes requiring a claim for refund to be filed and suit to be instituted within a certain time thereafter, but is governed by the general limitation provision of section 156 of the Judicial Code (28 USCA § 262), giving six years within which to sue upon claims against the United States; secondly, that the final decision of the United States Board

fund of the overpayment was not barred by the statute of limitation at the time of the decision by the board, suit might be brought within six years from the date the right to the overpayment accrued as for a claim against the United States in the event the commissioner refused to refund the overpayment determined by the board. See Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018. But that rule does not apply here inasmuch as the refund was not allowed within the time during which the overpayment could be refunded without the filing of a claim therefor. Plaintiff did not comply with the statutory requirement that a claim for refund be filed on or before April 1, 1927, so as to authorize the refund of the overpayment or the institution of suit therefor at a later date. The decision of the Board of Tax Appeals finding the overpayment in question did not therefore give rise to an account stated upon which the plaintiff might bring suit within six years. Section 284 (e) specifically prohibits the refund or credit of any overpayment determined by the board unless a timely and sufficient claim for refund is filed.

The claim for refund filed by plaintiff March 12, 1925, was allowed in part and rejected in part by the commissioner and no suit was brought thereon. None of the items giving rise to the overpayment finally determined by the board upon stipulation filed by the parties, and upon which this is based, was mentioned in this claim; nor did the overpayment in question directly relate to any of the grounds specified in the claim of March 12, 1925. The claim of December 23, 1927, was not an amendment of the first claim in that the grounds thereof did not relate to any of the matters specified in the earlier claim. It was filed more than eight months after the time allowed by section 284 (g) of the Revenue Act of 1926 for filing of a claim for 1919. Plaintiff seems to place some reliance upon the provisions of section 284 (d) (2) of the Revenue Act of 1926, 26 USCA § 1065 (d) (2), but that subdivision has no bearing upon the question here involved. It authorizes the Commissioner of Internal Revenue to make a credit or refund, and authorizes the institution of suit to recover an amount which the commissioner may collect, after the decision of the board has become final, in excess of the tax computed in accordance with the final decision of the board.

The petition must be dismissed, and it is so ordered.