## DARCY et al. v. UNITED STATES.
### No. M–420.

Court of Claims.
June 1, 1936.

Allen G. Gartner, of Washington, D. C., for plaintiffs.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

James Temple Gwathmey died June 11, 1924. He had been a member of a partnership engaged in the business of cotton and merchandise brokers. The partnership agreement provided:

"In case of the death of one of the partners during the currency of any business year, his interest shall be continued until the expiration of said year, being credited with profits less withdrawals, or charged with losses plus withdrawals. At the expiration of said year the estate of said partner shall be credited with the

amount which was to his credit at the last periodical ascertainment of values plus said profits less withdrawals, or minus said losses plus withdrawals.

"If the business of the partnership be continued by some or all of the remaining partners by a firm composed of some or all of the remaining partners, either alone or in connection with others, the new firm shall put to the credit of the estate of the dead partner the amount thus ascertained, together with any interest upon his capital accruing since the last ascertainment of his contribution. The estate shall be a creditor of the new partnership and shall be entitled to be paid one-fifth in cash at the end of the business year and the residue in four equal annual installments, with interest at the rate of eight per centum (8%) per annum, payable quarterly. * * * "

The fiscal year of the partnership ended on August 31. The decedent's share of the partnership profits for the fiscal year ended August 31, 1924, was $157,694.90. Of this amount $125,520.37 accrued to the date of his death and $32,174.53 accrued in the period from the date of his death to the end of the fiscal year of the partnership, June 11 to August 31, 1924.

The representatives of the decedent duly filed an estate tax return in which the total profits from the partnership were included as corpus of the estate, and they paid the estate tax shown due thereon. Subsequently the estate tax return was audited by the Commissioner and certain changes were made, which are not material here, but the Commissioner did not allow a deduction from the gross estate of the decedent's share of the partnership profits from the date of the death of the decedent to the end of the partnership year. As a result of this audit the Commissioner determined a deficiency which was paid.

The decedent had kept his books and made his income tax returns on the calendar year basis, and after his demise his representatives accordingly filed an income tax return for the period from the date of his death to the end of the calendar year. The profits of the partnership which had accrued for that period were not included. After the audit of the estate tax return, the Commissioner audited the income tax return and found a deficiency of $4,848.16. This deficiency was created because the Commissioner included in the decedent's gross income the item of $32,174.53 which was decedent's share of the partnership profits for the interim between his death and the end of the partnership year and which had heretofore been included and taxed by the Commissioner for estate tax purposes. This deficiency was paid and a refund claim was duly filed and rejected.

The plaintiffs contend that it was error of law on the part of the Commissioner to include the decedent's share of partnership profits from his death to the end of the partnership year (June 11 to August 31, 1924) in gross income of the estate for the period June 11 to December 31, 1924, for the reason "that the right of the estate to receive the decedent's distributive share of his interest in the partnership determined under the articles of partnership constituted an asset of the estate which passed to it upon decedent's death and therefore was not income to the estate," and recovery is sought for the amount of income tax paid thereon by the estate.

In Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, a similar situation was presented, and the court held that the amount paid to the estate after the death of decedent was income and not a part of the estate, and that was true whether the executor was considered a member of the old firm for the remainder of the year or that the estate was a partner in a new association formed upon decedent's death. The Commissioner was correct in including the profits earned after decedent's death in gross income for income tax purposes; it was income to the estate and was only taxable as part of gross income of the decedent's estate.

It is further contended, however, that even if this sum is income to the estate it was not taxable in the year 1924 because the estate was on the receipt and disbursement basis and this amount not actually paid during that calendar year. Suffice it to say that partnership profits are taxable to the partner whether actually distributed or not (section 218 (a) Revenue Act, 1924, 43 Stat. 275). In this case the partnership agreement, in definite terms, provides that, at the end of the year in which a partner dies and in the event the surviving partners desire to continue the business, the share of the deceased partner, including his proportion of the profits, shall be placed

256

to the credit of his estate and the estate shall become a creditor of the new firm, and that interest be paid on the credit amounts. The final settlement shows interest was computed and paid from the end of the partnership year in 1924.

■ The further situation was presented in the Bull Case, supra, which exists in this case; namely, the inclusion, under similar conditions, of income for income tax purposes which had previously been considered corpus and taxed for estate tax purpose, and the court held that the Bull estate was entitled to recoupment of the amount erroneously collected as estate tax. As in that case, the claim for refund and pleadings of plaintiffs in the case at bar fairly place in issue a similar right of recovery, and a like decision must be reached. We do not understand that the estate tax was used as a deduction in determining the amount of income tax due, and accordingly no adjustment is required on that account. The amount of estate tax which resulted from the inclusion in the gross estate of the item on which an income tax was likewise collected was $791.68.

Judgment will accordingly be entered in favor of plaintiffs for $791.68, with interest as provided by law from April 23, 1928.

It is so ordered.