**LIT et al. v. UNITED STATES.**

No. 19246.

District Court, E. D. Pennsylvania.

Feb. 26, 1937.

Frederick H. Knight and William Clarke Mason, both of Philadelphia, Pa., for plaintiffs.

Milford S. Zimmerman, Sp. Asst. to Atty. Gen., for defendant.

MARIS, District Judge.

This is a suit against the United States under the Tucker Act, 28 U.S.C. § 41 (20), 28 U.S.C.A. § 41 (20), to recover $67,836.43 with interest, which the plaintiffs contend represents an overpayment of federal estate tax, to the refund of which they are entitled, and as to which their claim for refund was rejected by the Commissioner of Internal Revenue. There is no dispute

as to the facts, which the court finds to be as follows:

### Findings of Fact.

Plaintiffs are the surviving executors of the estate of Samuel D. Lit, who died February 28, 1929.

On January 27, 1923, Samuel D. Lit executed a revocable deed of trust under which he transferred to a trustee 75,000 shares of stock of Lit Bros. in trust to pay the dividends to his wife for her life, to himself upon her death, and upon the death of the survivor to transfer to his son David J. Lit absolutely. On December 5, 1924, he agreed in writing that the trust should thereafter be irrevocable except with the joint consent of himself, his wife, and his son. As the result of a stock dividend declared by Lit Bros. on December 20, 1924, the shares of Lit Bros. stock held by this trust were increased from 75,000 to 93,750. The settlor filed a return for gift tax for the calendar year 1924 with the collector of internal revenue on March 15, 1925. This return, however, did not include any reference to the said gift of 75,000 shares of stock of Lit Bros. which was made irrevocable by the settlor's action on December 5, 1924. The return was made in good faith, however, and upon the belief that the gift took place on January 27, 1923, when the trust was originally created.

On December 30, 1927, the settlor Samuel D. Lit, his wife, his son, and the trustee of the then existing trust entered into an agreement revoking and terminating it. The said 93,750 shares of stock of Lit Bros. having thus become subject to his disposition, Samuel D. Lit forthwith on the same day executed another deed of trust by which he transferred to the same trustee the same 93,750 shares of stock of Lit Bros. which had constituted the corpus of the prior trust and provided that the dividends thereupon should be paid to his wife for life, and in case he survived his wife then to him for life, and upon the death of the survivor the said shares of stock were to be transferred absolutely to his son if living, or to the appointees under his will if he should then be deceased. The deed of trust further provided that it might be revoked by a writing executed by the settlor and his wife jointly.

On February 19, 1930, plaintiffs filed an estate tax return on behalf of the estate of Samuel D. Lit, which showed a net estate tax due of $22,159.68, after a credit for state inheritance taxes paid of $88,638.72. On the same day plaintiffs paid the tax of $22,159.69 to the collector. On the audit of the estate tax return the Commissioner of Internal Revenue determined a deficiency in estate tax to be due in the sum of $162,889.09, claiming that there should have been included as part of decedent's gross estate the sum of $1,524,245.36 representing the then value of the property in the trust created by the decedent by the deed of trust executed December 30, 1927, and above referred to.

On appeal from the Commissioner's determination the United States Board of Tax Appeals held that only the value of the remainder interest in the trust property passing to the settlor's son should be included and reduced the deficiency in estate tax to the sum of $96,885.26. This amount was paid with interest to the collector of internal revenue by the plaintiffs on December 8, 1933. The plaintiffs having appealed from the Board's decision to the United States Circuit Court of Appeals for the Third Circuit, that court affirmed the decision of the Board on July 20, 1934, and the decision became final on October 18, 1934. On November 22, 1934, plaintiffs paid to the state of Pennsylvania the sum of $77,508.21, representing 80 per cent. of the said deficiency in federal estate tax as finally determined and being an additional state inheritance tax paid under the Pennsylvania Act of May 7, 1927, P.L. 859, as amended by the Act of May 16, 1929, P.L. 1782 (72 P.S. § 2303).

On December 8, 1934, plaintiffs filed a claim with the collector of internal revenue for the refund of estate tax in the amount of $77,508.21, with interest, to which they claimed to be entitled because of the said payment of additional inheritance tax to the state of Pennsylvania. Thereafter on August 14, 1935, the Commissioner of Internal Revenue issued to the plaintiffs a certificate of overassessment which showed an overpayment of federal estate taxes and interest thereon amounting to $94,809.87. However, the Commissioner actually refunded to the plaintiffs the sum of $26,973.44 only and claimed the right to recoup or offset the balance of $67,836.43 against gift taxes claimed by him to be due by the decedent for the year 1924 in the sum of $44,510.49, plus interest of $23,325.94, or a total of $67,836.43. On October 18, 1935, the Commissioner advised the plaintiffs that their claim for refund was rejected to the extent that it exceeded

the sum of $26,973.44 actually refunded. The gift tax in the sum of $44,510.49 claimed by the Commissioner to be due by the decedent for the year 1924 was a tax on the life estate given by the decedent to his wife in 75,000 shares of stock of Lit Bros. by the revocable deed of trust which he executed on January 27, 1923, and which became irrevocable by the writing of December 5, 1924.

The parties have requested me to make certain specific findings of fact. Plaintiffs' requests Nos. 1 to 9, inclusive, and 11 to 29, inclusive, are affirmed. Their request No. 10 is also affirmed with the modification that the judgment of the United States Circuit Court of Appeals for the Third Circuit was filed on July 20, 1934. Lit v. Commissioner, 72 F.(2d) 551. Defendant's requests Nos. I to III, inclusive, and V to XVII, inclusive, are affirmed. Its request No. IV is affirmed with the qualification that the new agreement executed on December 30, 1927, established a new trust in contemplation of law. Defendant's request No. XVIII calls for a conclusion of law and is, therefore, refused.

### Discussion.

As has been stated, the facts in this case are not in dispute. It is also true that there is agreement as to certain legal conclusions to be drawn from those facts. One of these is that the plaintiffs overpaid the estate tax due upon the decedent's estate. This came about as a result of the additional assessment of estate tax determined by the Board of Tax Appeals in respect of the remainder interest given to his son by the decedent under his trust agreement of December 30, 1927. This additional assessment, when it became final, in its turn brought about an additional assessment of Pennsylvania inheritance tax under the laws of that state equal to 80 per cent. of the additional federal tax due. The plaintiffs were entitled to credit this additional state tax upon their additional federal tax liability and pay only the remaining 20 per cent. of the latter. They chose instead to pay the full amount of the federal tax and, having afterward paid 80 per cent. thereof to the state of Pennsylvania in settlement of its additional tax, they asked, as they had the right to do, for a refund from the federal government of the amount so paid to Pennsylvania for which they would have been entitled to credit if the order of payment had been reversed. Aside from the question of re-

coupment or offset to which I shall refer later, no question whatever is raised as to the right of plaintiffs to receive this refund.

It is equally clear that under the law as laid down by the Supreme Court in Burnet v. Guggenheim, 288 U.S. 280, 53 S.Ct. 369, 371, 77 L.Ed. 748, the action of the decedent in surrendering in 1924 his right to revoke the trust which he created in 1923, amounted to a gift in 1924 which was subject to gift tax in that year under the provisions of the Revenue Act of 1924 (43 Stat. 313, § 319 et seq.). No gift tax upon this particular gift was paid, however, and no mention of it was made in the decedent's gift tax return filed for that year. The Guggenheim Case was not decided until February 6, 1933, eight years after that gift tax return was filed and by the weight of authority prior to that decision the relinquishment of the power to revoke a trust was not regarded as a transfer of property by gift. The decedent accordingly had the right to assume when he filed his return in 1925 that his renunciation of the right of revocation in December, 1924, did not result in a gift which he was required to report. In my opinion his failure to include the gift in that return was no more than an honest mistake based upon a very general misunderstanding of the law. Consequently, since his gift tax return was prepared and filed in good faith, it was sufficient to start the running of the period of limitation provided by the statute. Florsheim Bros. Co. v. United States, 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542; Zellerbach Co. v. Helvering, 293 U.S. 172, 55 S.Ct. 127, 79 L. Ed. 264.

The Revenue Act of 1924 (sections 310, 311, 43 Stat. 310) provided that gift taxes should be assessed within four years after the return was filed except in the case of a false or fraudulent return with intent to evade the tax. It follows that in this case the United States after March 15, 1929, no longer had the right to assess or collect a gift tax in respect of the gift made by the decedent in the year 1924. The question to be determined in this case, therefore, comes down to whether the United States may recoup or set off a gift tax admittedly due by the decedent for the year 1924 upon his gift of a life interest in the trust fund of 1923 which then became irrevocable, against a refund due plaintiffs by reason of an admitted over-

438

payment of estate tax upon decedent's estate, despite the fact that the statute of limitations bars the assessment and collection of any further gift tax from the decedent for the year 1924.

The United States strongly urges that the estate tax, the refund of which is being sought by the plaintiffs, and the gift tax which it is seeking to set off against that refund both arose out of different features of the same transaction, namely, the trust fund set up by the decedent, and consequently it is entitled to recoup the gift tax out of the overpayment of estate tax notwithstanding the bar of the statute of limitations.

Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 700, 79 L.Ed. 1421, is relied on as authority for the proposition just stated. In that case Bull, a member of a partnership, died February 13, 1920. Profits from the partnership accruing to his estate after his death to December 31, 1920, were $212,718.79 of which amount $200,117.09 was paid to the estate in 1920. For the purpose of the estate tax, the Commissioner included the latter amount in the decedent's gross estate and subjected it to estate tax, which the executors paid. The Commissioner in considering the income tax liability of the estate for the year 1920 held that the same sum was income and assessed an income tax thereon. The executors paid the income tax under protest and brought suit to recover it back, claiming that, conceding the said sum of $200,117.09 to be income, the United States should have credited against the income tax levied thereon the overpayment of estate tax which resulted from including the same sum in the decedent's taxable estate. The Supreme Court held that the United States should have allowed credit for the estate tax erroneously paid notwithstanding the fact that a claim for a refund thereof was barred by the statute of limitations; consequently the executors were entitled to set up the claim for the estate tax erroneously paid by way of recoupment to offset the government's claim to the income taxes. Mr. Justice Roberts said:

"If the claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained, notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely."

I think it is clear that if the two taxes here involved arose out of different phases of the same transaction, the defendant is entitled to recoup the gift tax out of the overpaid estate tax under the authority of the Bull Case and judgment must be entered for the defendant. While the procedural situation was quite different in that case, the doctrine of recoupment there applied would be equally applicable here. The question for consideration is, therefore, narrowed to whether the two taxes here involved did arise out of phases of the same transaction. I think they did. In the Bull Case the transaction, as to different phases of which the two taxes attached, was the receipt of cash by the estate from the partnership. This cash was subjected to the estate tax on the theory that it was a part of the decedent's gross estate and to the income tax upon the theory that it was a part of the estate's income. In the present case the transaction which is at the base of the two tax exactions likewise concerns a single fund, that is the trust fund set up by the decedent on January 27, 1923, for the benefit of his wife, himself, and his son. The gift tax was upon a life estate irrevocably carved out of that fund by the decedent in 1924, while the estate tax was assessed in respect of the remainder interest in favor of decedent's son in the identical fund, which the Board of Tax Appeals and the Circuit Court of Appeals held must be included in his gross estate and subjected to estate tax. Indeed this case would seem clearer than the Bull Case since, as the Supreme Court said in Burnet v. Guggenheim, supra:

"The tax upon gifts is closely related both in structure and in purpose to the tax upon those transfers that take effect at death. What is paid upon the one is in certain circumstances a credit to be applied in reduction of what will be due upon the other, 43 Stat. 315, § 322, 26 U.S.C. § 1134 [26 U.S.C.A. § 413 note]. The gift tax is part 2 of title 3 of the Revenue Act of 1924 [43 Stat. 253]; the estate tax is part 1 of the same title. The two statutes are plainly in pari materia."

On the other hand there is no such close relationship between the income tax and the estate tax, the taxes involved in the Bull Case. Nor do I believe that the pres-

ent case is distinguishable from the Bull Case because in that case one individual, Bull's executor, paid both taxes involved, whereas here the gift tax was payable by the decedent, while the estate tax was paid by his executors. The executors in each case were acting only as fiduciaries and the real party in interest in each case was the decedent, his estate merely succeeding to his rights and liabilities. Under such circumstances, the doctrine of recoupment is applicable. White v. Stone (C.C.A.) 78 F.(2d) 136; United States ex rel. Girard Trust Co. v. Helvering, 66 App.D.C. 64, 85 F.(2d) 230.

I see no escape from the conclusion that under the rule of the Bull Case the United States is entitled to recoup its gift tax from the admitted overpayment of estate tax unless it arises from the action of the decedent and the other parties in interest on December 30, 1927, in revoking the trust originally set up in 1923 and immediately creating a new trust. When these transactions are examined, however, it will be seen that the net result of them was to make the trust revocable by the joint action of the decedent and his wife only, the joinder of his son no longer being necessary, and to provide, in case of the death of the son prior to the termination of the life estate, that the remainder interest should pass to his appointees by will and only in case he made no appointment to his next of kin under the intestate laws. The transactions effected no change whatever in the life estates or in the remainder to the son in case he survived. The same individual continued as trustee. The stock which composed the corpus of the trust before December 30, 1927, continued to constitute the corpus of the trust after that date and for all that appears it remained continuously in the possession of the trustee.

It must be borne in mind that this suit is essentially one for money had and received. It is to be governed by equitable principles and is subject to any defense which shows that in equity and good conscience the plaintiff should not recover. United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859. Considered from an equitable standpoint and looking through the legal form to the substance, I cannot say that the transactions of December 30, 1927, in fact broke the continuity of the trust fund which the decedent set up in 1923. I accordingly conclude that the defendant is entitled in defense of this action to recoup out of the sum admittedly due the plaintiffs the gift tax for the year 1924 and interest thereon aggregating the amount of the plaintiffs' claim, and I, therefore, come to the following conclusions of law:

The United States is entitled to recoup against the plaintiffs' claim for the refund of $67,836.43, the gift tax due by plaintiffs' decedent for the year 1924, with interest thereon, in the sum of $67,836.43.

The defendant is entitled to judgment in its favor against the plaintiffs with costs.

The parties have submitted to me certain requests for conclusions of law. Plaintiffs' request No. 1 is affirmed. Their requests Nos. 2 and 3 are refused. Defendant's requests Nos. I and III to VIII, inclusive, are affirmed. Its request No. II is refused.

Defendant's motion for judgment in its favor is granted and judgment may be entered accordingly.