Madden, Judge,
delivered the opinion of the court.
This is a suit to recover an alleged overpayment of taxes in the amount of $18,414.64 for the fiscal year 1918 and in the amount of $17,841.41 for the fiscal year 1919, with interest on each amount.
Plaintiff filed a tentative income and profits tax return for the fiscal year ended September 30, 1918, on December 27, 1918. It filed an amended return on June 16, 1919, showing a tax liability of $138,126.22, which was assessed and paid during 1919. Plaintiff filed waivers extending *579 the period for assessment and collection of its 1918 income and profits tax to December 31, 1929.
On May 14, 1924, plaintiff filed a general claim w¡ith the Commissioner of Internal Revenue for refund of the entire amount paid by it for 1918. Another claim for refund of the 1918 taxes was filed March 31, 1925. This claim set out certain specific grounds for recovery. Both claims were timely. Revenue Act of 1926, sec. 284 (g), 44 Stat. 9, 67.
Plaintiff filed a tentative income and profits tax return for the fiscal year ended September 30, 1919, on December 15, 1919. It filed a completed return on February 20, 1920, but the tax was assessed on the amount shown on the December, 1919 return. The tax was paid during 1919 and 1920, except for two small payments made in 1926 and 1930. Waivers were filed extending the period for assessment and collection to December 31, 1929.
Plaintiff filed a claim for refund of a part of the 1919 tax on December 13, 1924, stating both general and specific grounds. April 1, 1927, plaintiff filed a supplemental claim for refund for the year 1919, asking, among other things, for certain adjustments in the amount of its invested capital. On the same day it filed a claim on the same grounds for the fiscal year ended September 30,1920, supplementing an earlier claim for that year filed on December 15, 1925.
During 1924, 1925, and 1928 conferences were held between the Commissioner and plaintiff’s representative with respect to plaintiff’s tax liability for all the years involved. The Commissioner on January 16, 1929, mailed to plaintiff a sixty-day registered deficiency letter, with a statement attached showing his determination of plaintiff’s tax liability. He found a deficiency of $2,147.95 for the year 1918, an overassessment for 1919 of $32,556.98 and a deficiency of $52,568.24 for 1924.
March 16, 1929, plaintiff filed a petition with the Board of Tax Appeals for a redetermination of the taxes set forth in the sixty-day deficiency letter. It filed an amended petition in January 1932, assigning as error the Commissioner’s failure to make certain adjustments in its invested capital. The petition was dismissed October 4, 1932, for failure to prosecute.
*580 November 9, 1932, the Commissioner notified plaintiff by-registered mail that its claims for refund for the years 1918 and 1920 had been rejected. A registered letter of January 19, 1933, notified it of the disallowance of its claims for 1919, except as previously allowed in the sixty-day letter of January 16, 1929. The Commissioner had, in December 1932, assesséd the deficiencies determined in the sixty-day letter and scheduled the overassessment. The sum of $2,147.95 of that overassessment was credited against the deficiency of that amount for 1918 and the balance was credited against the deficiency for 1920.
January 4, 1933, the Board of Tax Appeals vacated its order dismissing the petition. Plaintiff’s counsel wrote to the Commissioner January 27, Í933, asking whether the claims for the three years involved were to be held in abeyance pending the decision of the Board of Tax Appeals, as he wished to bring suit if such were not che case. By letter dated February 7, 1933, he was reminded that the claims had been rejected and referred to the letters of November 9, 1932, and January 19,1933. The letter of the Commissioner gave no other answer to the question of plaintiff’s counsel.
During April and May 1933, the Board heard the case on the sole issue of the right of plaintiff to make the desired adjustments in invested capital. On July 31, 1934, the Board rendered a memorandum decision upholding the determination of the Commissioner.
October 30, 1934, plaintiff filed a petition in the United States Court of Appeals for the District of Columbia for a review of the decision of the Board of Tax Appeals. May 25, 1936, the court reversed the decision of the Board.
Thereafter, plaintiff requested the Commissioner to reopen its claims for refund for the year 1919 and make an adjustment in its invested capital for that year in accordance with the decision of the court. The request was denied September 18, 1936.
December 7, 1936, the Commissioner recomputed plaintiff’s tax liability for 1918 and 1920 in accordance with the decision of the court and a stipulation was entered into between plaintiff’s representative and the Commissioner, showing an overpayment of $18,414.64 for the fiscal year 1918 and an overassessment of $48,150.56 for the fiscal year 1920. *581 These amounts were determined after taking into consideration the credits made on account of the 1919 overpayment previously found.
The Board of Tax Appeals entered its order pursuant to the stipulation on December 19, 1936, showing an overpayment for the year 1918 of $18,414.64, a deficiency of $4,417.68 for the year 1920 and dismissed the proceedings as to the year 1919 for want of jurisdiction, apparently on the ground that the Commissioner had assessed no deficiency for that year.
December 22, 1936, plaintiff again requested the Commissioner to reopen and reconsider its claims for refund for 1918 and 1919 and make refund in accordance with the decision of the Board of Tax Appeals. The Commissioner replied February 20, 1937, refusing to reconsider the 1918 claims on the ground that the claim filed with his office was based on grounds other than that on which the Board’s decision was based and that he was without authority to make a refund in such a case, and adhering to his refusal to reconsider the 1919 claims.
June 4j 1037; the Commissioner issued to plaintiff a certificate of over assessment,- showing an ever assessment ef $20;562t59 fen the year--lOlS; $18,414.64 ef which was barred' by the statute ef limitations; and $3^4D9h ef whieh was allowable; with interest; apparently fee the reason that that sum was regarded as having been paid in December- 1932; when tíre overpayment then determined fee 1919 was eredited against the defiencies determined at that time.
[June 14, 1937, the Commissioner issued to plaintiff a certificate of overassessment showing an overassessment of $20,562.59 for the year 1918, $18,414.64 of which was stated to be barred by the statute of limitations and $2,147.95 of which was allowable with interest of $1,129.08. This item represented a duplicate assessment by the Commissioner which was allowable for abatement, having never been paid.]
Plaintiff in September of 1937 made another request for reopening, which also was denied by the Commissioner.
■ Plaintiff filed its petition in this court February 25, 1938. Considering first the claim for the taxes for 1918: Is plaintiff entitled to recover the overpayment determined by the *582 Board of Tax Appeals? The Revenue Act of 1982, approved June 6, 1932, provided in section 1103 (a), 47 Stat. 169, 286:
* * * No such, suit or proceeding [for the recovery of taxes] shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates.
As there is nothing in the saving clause in subsection (b) to make subsection (a) inapplicable, the 1932 Act must be regarded as the controlling statute.
Plaintiff’s claims for refund of taxes paid for the fiscal year 1918 were rejected by the Commissioner’s registered letter of November 9, 1932. In the absence of anything further, suit should have been brought by November 9,1934. However, section 284 (d) of the Revenue Act of 1926, 44 Stat. 9, 67, provides that where the Commissioner has mailed to the taxpayer a notice of deficiency and the taxpayer has filed a petition with the Board of Tax Appeals within the time prescribed, for a redetermination of its tax liability for the year involved, no refund of the tax for the taxable year for which the Commissioner has determined the deficiency should be made and no suit by the taxpayer for the recovery of any part of such tax should be instituted in any court, except as provided in subsection (e).
Subsection (e) of section 284, as amended by section 507 of the Revenue Act of 1928, 45 Stat. 791, 871, provided that if the Board of Tax Appeals determined that there was no deficiency and further found that there was an overpayment of the tax in question, it should have jurisdiction to determine the amount of such overpayment, and such amount should, when the decision of the Board had become final, be refunded to the taxpayer. The taxpayer must, however, have filed a claim for credit or refund within the time prescribed for filing claims under section 284 (g) of the Act, which time, in this case, expired April 1, 1926.
*583 It is tbe contention of the defendant that the taxpayer never filed a claim for refund for 1918 within the meaning of the above sections within the required time. The defendant argues that the claim referred to in section 284 (e) is one based on the ground upon which the Board of Tax Appeals ultimately finds the overpayment. In National Fire Insurance Co. v. United States, 72 C. Cls. 663, this court held that section 284 (e) requires a timely and sufficient claim, that is, one that gives notice of the items of overpayment actually found by the Board. There the taxpayer had filed a claim for refund with the Commissioner that was allowed in part and rejected as to the rest. Thereafter its account was reaudited and a deficiency determined. The taxpayer filed a petition with the Board of Tax Appeals after the time for filing claims for refund with the Commissioner had expired. Some time later the taxpayer filed another claim and an amended petition, both of which mentioned new items later found to be overpayments on grounds not asserted in the claims that were timely filed. The Commissioner refused to refund the overpayments on the ground that no claim for refund had been filed within the time allowed by the statute. This court sustained the Commissioner’s contention.
Plaintiff attempts to distinguish that case on the theory that it takes in none of the factors of notice or knowledge chargeable to the Commissioner in this case by virtue of his participation in the litigation before the Board of Tax Appeals and the court; but that distinction is hardly sound as in that case as well as in the instant case the amended petition to the Board of Tax Appeals gave notice of the theory on which the taxpayer was proceeding.
The question then becomes whether plaintiff filed a sufficient and timely claim. Its first claim for refund for 1918 filed May 14, 1924, was admittedly a general claim, subject to amendment before action by the Commissioner (see United States v. Memphis Cotton Oil Co., 288 U. S. 62); and timely. The amended claim of March 31, 1925, was a proper amendment, setting out certain definite claims for refund. If by virtue of the amendment, the claim then became a specific *584 claim, it could not be amended again on some new. and unrelated ground after the expiration on April 1, 1926, of the, time for filing claims. United States v. Andrews, 302 U. S. 517. That being so, plaintiff’s argument that the amended petition to the Board of Tax Appeals on January 28, 1932, might be regarded as an amendment of the claim is without merit. The fact that the amended petition set out the claims ultimately relied on is no aid to the plaintiff because it was filed after April 1, 1926. ■ •
Plaintiff’s argument that the claim as amended was still a general claim because of the inclusion of a demand for the refund “of so much of the income and profits tax paid for the taxable year 1918 as may hereafter appear to have been overpaid (a) as the result of decisions by the.Board of Tax Appeals or the Courts of the United States” is equally without merit. The Supreme Court in the Andrews case, supra, rejected the contention that a specific !claim can. be left open to amendment on a new ground indefinitely merely by including a demand for general relief.
In view of the language of section 284 (e), as interpreted by the courts, it is necessary to reject as untenable plaintiff’s-claim that where the Commissioner, after the timé for -filing claims has expired (cf. Bonwit Teller & Co. v. United States, 283 U. S. 258, 265), is informed from sources other than the filed claim of the basis on which the taxpayer intends to claim an overpayment, the filing of a claim stating that basis is no longer essential. Cf. Rock Island, Ark. & L. R. R. Co. v. United States, 254 U. S. 141.
As to the claim for refund for 1919, plaintiff’s suit on that claim is barred by the statute of limitations. Plaintiff filed two- sufficient and timely claims for refund for the taxes paid for the fiscal year 1919. It was notified of the rejection of its claims for that year except as previously allowed by notice sent by registered mail January 19; 1933-This suit was not instituted until more than five years later; it should have been brought within two years of the mailing of the notice. Sec. 1103 (a), Revenue Act.of 1932. The Commissioner’s rejection was clear and unequivocal and there is no ground on which plaintiff can claim an es-toppel. That plaintiff’s counsel understood the effect of *585 the notice of rejection is clear from his letter of January 27, 1988, in which he stated that if the claims were not to be held in abeyance, he wished to bring suit. There was nothing in the Commissioner’s reply to lead him to believe that the claims would be held in abeyance in spite of the rejection; and the Commissioner consistently refused to reopen or reconsider the claim for 1919.
The pendency of the proceedings before the Board of Tax Appeals did not prevent the statute of limitations from running against the claim for 1919. Under the provisions of sec. 608 (b) (2) of the Bevenue Act of 1928, 45 Stat. 791, 874 plaintiff could have protected itself against the running of the statute by entering into an agreement in writing with the Commissioner to suspend the running of the statute of. limitations for filing suit from the date of the agreement to the date of the final decision in the case pending before the Board of Tax Appeals. In the absence of such an agreement here, plaintiff’s right to sue is lost.
Nor is plaintiff entitled to any recovery for the year 1919 under a theory of recoupment. Except for the overpayment determined in the deficiency letter of 1929 and credited against the deficiencies there set out, no overpayment for 1919 was ever determined, the Board of Tax Appeals having dismissed the petition as to 1919 for want of jurisdiction. It is plaintiff’s contention that an overpayment for 1919 should be found for the same reason that the Board determined the overpayments for 1918 and 1920. The difficulty with that reasoning is that plaintiff failed to keep alive its Tight to have the claim for 1919 considered after the decision of the Board by entering into the agreement provided for by the statute. Further, there is no deficiency claimed by the government in any way related to the claimed overpayment against which to recoup an overpayment, if one had been found. There has been no tendency in the cases allowing a recoupment to extend the doctrine beyond the situation in which the overpayment and deficiency involved were both based in some way upon the same transaction. See Bull v. United States, 295 U. S. 247; Lit v. United States (E. D. Pa.) 18 F. Supp. 435. The only deficiency finally determined in this case is a small one for *586 1920, and it is based not upon the failure of the Commissioner to make the desired adjustment in the amount of plaintiff’s invested capital for either 1919 or 1920, but upon other factors.
We oonol-ude; therefore; that tía© gla-int-i-ff is net entitled te reeever and that the petition must fee dismissed; ft is se ordered;
[Judgment will be entered for plaintiff for $2,147.95 with interest as provided by law. It is so ordered.]
Jones, Judge,; Whitaker, Judge; Iattleton, Judge; and Whaley Chief Justice, concur.
ON MOTION FOR A NEW TRIAL
(Decided November 3, 1941)
Income and profits tax; payment made after filing of petition with Board of Tax Appeals, — Tbe limitation provision of Section 322 (d) of tbe Revenue Act of 1932, requiring as a condition of recovery where an overpayment is found by tbe Board of Tax Appeals that tbe tax be paid within two years of tbe filing of tbe petition, is not applicable to a payment made after tbe filing of tbe petition.
On the plaintiff’s motion for a new trial and amendment of findings, the court on November 3, 1941, entered an order allowing the motion in part and overruling it in part, as follows:
IT IS ORDERED this 3rd day of November, 1941, that said motion be and the same is allowed in part and overruled in part. Finding 28 of the findings of fact filed herein April 7, 1941, is withdrawn and a new finding substituted in lieu thereof reading as follows:
28. June 14, 1937, the Commissioner issued to plaintiff a certificate of overassessment for the fiscal year ending September 30, 1918, showing an overassessment of $20,562.59 and stating that $18,414.64 thereof was barred by the statute of limitations and that $2,147.95, with interest of $1,129.08, was allowable. The item of $2,147.95 represented a duplicate assessment of that amount made in November 1934, and was allowable for abatement.
*587 IT IS FURTHER ORDERED that the opinion filed on April 7,1941, be amended by striking out the first full paragraph on page 12 and substituting in lieu thereof .the following:
June 14, 1937, the Commissioner issued to plaintiff a certificate of overassessment showing an overassessment of $20,562.59 for the year 1918, $18,414.64 of which was stated to be barred by the statute of limitations and $2,147.95 of which was allowable with interest of $1,129.08. This item represented a duplicate assess - ment by the Commissioner which was allowable for abatement, having never been paid.
The dismissal of the petition is vacated and withdrawn, and judgment is now entered for plaintiff in the sum of $2,147.95, with interest as provided by law.
SUPPLEMENTAL OPINION
Madden, Judge,
delivered the opinion of the court:
Plaintiff in its motion for a new trial and amended findings urges that the court erred in failing to give judgment for plaintiff for that part at least of the overpayment for 1918 which was paid by credit December 31, 1932, $2,147.95.
In our former opinion it was assumed that the item of $2,147.95 listed as allowable in the certificate of overassessment for 1918 was the assessment of that amount paid by credit December 31, 1932, and that it had been refunded. The fact was, however, that this item was a duplicate and erroneous assessment for $2,147.95 made in November 1934, which had never been paid and hence was allowable for abatement. This transaction did not, therefore, affect plaintiff’s right to recover the item of the same amount paid in 1932 by credit, which was included in the amount of the overassessment claimed barred by the statute of limitations. It should not have been so included. That payment in 1932 was made after the filing of the original and amended petitions to the Board of Tax Appeals. The defendant concedes that the limitation provision of section 322 (d) of the Revenue Act of 1932 requiring as a condition of recovery where an overpayment is found by the Board of Tax Appeals that the tax be paid within two years of the filing of the petition is not applicable to a payment *588 made after the filing of the petition. Plaintiff is therefore entitled to recover $2,147.95 of the amount overpaid on taxes for 1918.
The other claims advanced in the motion for a new trial are rejected for the reasons stated in the original opinion.
Judgment will be entered for plaintiff for $2,147.95 with interest as provided by law. It is so ordered.
JoNes, Judge; Whitaker, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.