The **FIRST NATIONAL BANK OF GREENVILLE, SOUTH CAROLINA,** Executor of the Estate of Walter H. Allen, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. A. No. 1333.

United States District Court
W. D. South Carolina,
Greenville Division.

March 3, 1954.

F. D. Rainey, and William E. Jetter, Rainey, Fant & Brawley, Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., W. A. Bull, Asst. U. S. Atty., Greenville, S. C., Robert M. Stewart, U. S. Dept. of Justice, Washington, D. C., for defendant.

WILLIAMS, District Judge.

The above entitled action, having been submitted to this Court upon a stipulation of facts, oral argument and briefs of counsel, the Court makes the following findings of fact, conclusions of law and order:

### Findings of Fact

1. The plaintiff is a corporation organized and incorporated under the national banking laws of the United States with its principal place of business in Greenville, South Carolina. It is the duly named, qualified and acting executor under the will of Walter H. Allen, a former resident of Greenville, South Carolina.

2. The issue presented by this case is whether plaintiff is entitled to recover an overpayment of estate tax by reason of its payment of an income tax liability of decedent not claimed as a deduction in its estate tax return where this action is based on a claim for refund of estate tax which was not timely filed.

3. Plaintiff, as executor of the Estate of Walter H. Allen, filed a federal estate tax return and paid a tax of $17,657.78 on April 25, 1944. Subsequently, under date of April 25, 1947, the executor paid an additional estate tax in the amount of $2,407.18, plus interest of $411.54, or a total of $2,818.72.

4. The income tax of Walter H. Allen, who died on March 26, 1943, had not been paid and a return had not been filed at the time of his death. Plaintiff, as his executor, filed individual income tax returns for the decedent for the year 1942, and for the period beginning January 1, 1943 and ending March 26, 1943, the date of decedent's death. Plaintiff claimed a deduction in the estate tax return of the amount of income tax as shown on these returns in the amount of $557.15 and pursuant to the provisions of Section 812(b)(3) of the Internal Revenue Code, 26 U.S.C., a deduction was allowed.

5. An income tax deficiency was proposed as to the income of Walter H. Allen, deceased, for the year 1943. A preliminary notice of the deficiency was sent to plaintiff under date of November 6, 1946. The proposed deficiency was protested under date of April 25, 1948, and a conference was held under date of September 29, 1948. As a result of this conference, the deficiency was determined to be $18,670.10. On May 19, 1949, plaintiff consented to an immediate assessment of this deficiency and paid the deficiency under date of July 22, 1949.

6. Plaintiff filed a claim for refund of estate taxes in the amount of $5,000.54 under date of October 5, 1949, alleging that the decedent's net taxable estate should be reduced by an additional deduction for unpaid federal income taxes in the amount of $18,670.10.

7. Section 910 of the Internal Revenue Code, 26 U.S.C. 1946 ed. § 910, provides that claims for refund of estate taxes must be filed within three years next after the payment of such tax and that the amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim.

8. The Commissioner of Internal Revenue issued a certificate of overassessment of the amount falling within the provisions of Section 910 of the Internal Revenue Code, which amount was paid by plaintiff on April 25, 1947, in the amount of $2,818.72.

9. The Commissioner of Internal Revenue disallowed plaintiff's claim for refund in the amount of $2,593.36. The disallowed portion of the tax was paid under date of April 25, 1944, and the claim for refund as to this disallowed portion was not filed within three years next after the payment of the tax.

### Conclusions of Law

1. The claim for refund as to the disallowed portion not being filed within three years next after payment of the

tax, the Commissioner of Internal Revenue was required under the provisions of Section 910 of the Internal Revenue Code, to disallow that portion of the claim.

2. The doctrine of recoupment is inapplicable in that this case is not based on a timely claim for refund of income taxes upon which recoupment might be allowed for overpayment of estate taxes.

3. The filing of a timely claim for refund was a procedure prerequisite to the bringing of this action.

4. The Court finds that the Commissioner properly disallowed plaintiff's claim for refund of the portion of the tax which plaintiff seeks to recover in this action.

### Order

Now therefore, it is hereby ordered that the complaint be dismissed and that judgment be granted for the defendant together with costs.