**Flora F. HERRING, Administratrix of W. A. Herring Estate, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 784.**

United States District Court
E. D. North Carolina, Raleigh Division.
April 29, 1955.

Joseph H. Levinson, Smithfield, N. C., for plaintiff.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for defendant.

GILLIAM, District Judge.

This is an action under 28 U.S.C.A. § 1346(a), for recovery of estate taxes. The Government moves to dismiss for lack of jurisdiction.

The complaint alleges that W. A. Herring died intestate on July 18, 1948; plaintiff qualified as administratrix and on July 12, 1949, paid federal estate tax of $28,280.63; this amount was found to

be erroneous and $13,686.90 was refunded to plaintiff by the Collector; on July 10, 1951, an income tax deficiency of $103,102.28 was assessed against plaintiff, individually and as administratrix; the deficient income taxes were paid and as a result the gross taxable estate was reduced to an extent entitling plaintiff to a refund of estate tax in the sum of $13,752.77; plaintiff filed claim for refund of this estate tax on October 24, 1952; the Director denied the claim on February 20, 1953 and plaintiff filed this suit on May 19, 1954, seeking refund of $13,752.77, with interest from July 12, 1949.

According to the complaint, the claim for refund was not filed within three years after payment of the tax, as prescribed by the Internal Revenue Code of 1939, Section 910, 26 U.S.C.A. § 910, and the Government points out that Section 3772(a) (1) of the Code, 26 U.S.C.A. § 3772(a) (1), states plainly that "no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax * * * until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard * * *."

Plaintiff contends, however, that she is entitled to recover under the principle of equitable recoupment; that the overpayment of estate taxes should have been income tax deficiency.

A simple statement of the principle of equitable recoupment will show it cannot be applied in this case as it now stands: "* * * recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421. If A sues B for a debt and B has a claim against A arising out of the same transaction, which claim is barred by the statute of limitations, B may nevertheless recoup or keep back the amount of his claim against A. 80 C.J.S., Set-Off and Counterclaim, § 2; Restatement, Judgments, page 217; Annotation, 1 A.L.R.2d 666.

The leading case in the tax field applying this principle is Bull v. United States, supra. Here the Commissioner assessed and the estate paid estate taxes on a certain fund. Later the Commissioner assessed income taxes against the same fund. No estate tax refund claim was filed, but a timely claim for refund of income tax was filed and suit was brought, asking for judgment that the income tax was overpaid because the estate tax overpayment should have been credited against the income tax deficiency. The Supreme Court decided for the taxpayer on the second ground, holding that the procedural requirements of paying the tax first and then seeking a refund did not obliterate the taxpayer's substantial right to rely on his cross-demand for credit of the amount which, if the United States had sued him for income tax, he could have recouped against such tax.

The cases following Bull v. United States and applying the doctrine of recoupment have had this same characteristic—the claim for taxes or for refund, itself barred by limitation, is used to reduce the claim for refund or tax arising out of the same transaction. Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L. Ed. 1265; Crossett Lumber Company v. United States, 8 Cir., 87 F.2d 930; Mills v. United States, D.C., 35 F.Supp. 738; Lit v. United States, D.C., 18 F.Supp. 435; Darcy v. United States, Ct.Cl., 15 F.Supp. 251; cf. Dunigan v. United States, 23 F.Supp. 467, 87 Ct.Cl. 404.

The present action is for recovery of estate taxes. This is made clear by the language of the complaint. Furthermore, if the action were to recover overpaid income taxes the Court would be without jurisdiction for two reasons. The alleged overpayment of income tax occurred in April, 1954, suit was filed in May, 1954, the claim exceeds $10,000 and the Court judicially notices that the same Collector or Director (T. L. Townsend, acting District Director) was in office on both dates. 28 U.S.C.A. § 1346(a). Also, no claim for refund of income tax was filed with the Commis-

**538**

sioner *before* suit. 26 U.S.C.A. § 3772 (a) (1). The claim filed in October, 1952, was not and could not have been for refund of income taxes, which were not overpaid until April, 1954, according to the complaint.

In dismissing this suit the Court does not intend to hold and does not hold that plaintiff is necessarily precluded from pleading and proving an overpayment of estate taxes as recoupment in an action which she might institute to recover income taxes paid by the estate, after timely filing of claim for refund of such income taxes. See Rothensies v. Electric Storage Battery Company, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296. Here plaintiff sues for refund of estate taxes paid on July 12, 1949. No claim for refund was filed by July 12, 1952. The statutory prerequisite for suit, 26 U.S. C.A. § 3772(a) (1), is lacking, and the action must be dismissed. First National Bank of Greenville, S. C. v. United States, D.C., 131 F.Supp. 647.