Flora F. HERRING, Administratrix of W. A. Herring's Estate, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 926.

United States District Court
E. D. North Carolina, Raleigh Division.

April 24, 1956.

Joseph Levinson, Smithfield, N. C., for plaintiff.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for defendant.

GILLIAM, District Judge.

Attorneys for the plaintiff and the United States submit this case for summary judgment upon the following stipulations:

The plaintiff is the duly qualified and acting administratrix of the Estate of W. A. Herring, deceased, her former husband, having qualified in Johnston County, North Carolina, and being a resident and citizen of said County and State.

This action is brought against the United States for the refund of income taxes under the provisions of Section 1346(a), Title 28 of the United States Code, as amended by Public Law 559, approved July 30, 1954, 68 Stat. 589.

W. A. Herring died intestate July 18, 1948, leaving a gross estate of $230,387.-94. On July 12, 1949 an estate tax return was filed with the Collector of Internal Revenue, Greensboro, North Carolina, indicating an estate tax liability of $28,280.63, which was then paid. In July of 1950, it was determined that this was an overpayment to the extent of $13,686.-90, which amount the Internal Revenue Service thereupon refunded to the plaintiff.

On July 10, 1951, after an investigation of the income tax liability of the plaintiff and her husband, the Commissioner issued a preliminary notice proposing a deficiency assessment against the plaintiff individually and as administratrix for the years 1932 through 1948, inclusive, for income taxes, civil penalties for fraud, delinquency penalties and interest in the amount of $103,102.-28, which was actually assessed in October of 1952. The assessment was paid in installments, the last payment of $18,-549.72 being made on April 16, 1954.

On October 24, 1952, the plaintiff filed an untimely claim for refund of estate taxes in the amount of $14,103.03, based upon a deduction for the aforesaid additional income tax liabilities. This claim was rejected, whereupon plaintiff filed suit in this Court under the style of Herring v. United States. Recovery was denied the plaintiff, the Court's opinion being reported in 131 F.Supp. 536.

In May of 1955, after the foregoing decision, the plaintiff filed a timely claim for refund of income taxes of $13,752.77, the same amount as the aforesaid reduction in the estate taxes resulting from the payment of additional income taxes by the estate as noted above.

The plaintiff's hope for recovery is based on the doctrine of equitable recoupment, first applied to tax controversies in Bull v. United States, 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421. Under the stipulation set out above, our plaintiff's situation is almost identical with that of the plaintiff in the Bull case. Therefore, I hold that the remedy available under the decision is proper here.

In Rothensies v. Electric Battery Co., 1946, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296, the Supreme Court emphasized the limitation of unity for application of the doctrine. For the taxpayer's barred claim to be properly set off against the Government's current assessment, it must appear that both are the result of

**932**

one transaction or the product of a single taxable event. Here we have, as in the Bull case, double taxation of a single fund upon inconsistent theories, first the estate tax and then the income tax. Though a direct refund of the first levy is now barred by the statute of limitation, the Government may not in good faith retain what was wrongfully taken in addition to what it has rightfully demanded. The plaintiff is entitled to readjustment of the last income tax installment paid by allowance of a setoff for the overpayment of estate tax.

Therefore, the plaintiff must recover of the defendant United States the sum of $13,752.77, with interest at the rate of six percent to run from April 16, 1954. Judgment will follow.